DOUGLAS MONTANDON, a minor, by EARL MONTANDON, his father and next friend, appellant, v. HARGRAVE CONSTRUCTION COMPANY et al., appellees.

No. 51444.

(Reported in 130 N.W.2d 659)

OCTOBER 20, 1964.

Whitesell Law Firm, of Iowa Falls, for appellant.

Lundy, Butler, Wilson & Hall, of Eldora, for appellee Hargrave Construction Company.

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General, and A. J. Allen, State Counsel, all for appellee Iowa State Highway Commission.

SNELL, J.—This is an appeal from a ruling sustaining a special appearance by Iowa State Highway Commission named

as a defendant in a tort action resulting from injuries received in a one-car accident on highway No. 20 in Hardin County.

From plaintiff's petition and the exhibit made a part thereof it appears that in March 1961 a duly executed contract between Iowa State Highway Commission and Hargrave Construction Company provided for the resurfacing of about 12 miles of highway No. 20 with asphaltic concrete. The contract incorporated the plans and specifications prepared by the commission and provided for completion of the work by October 14, 1961.

The petition alleges the work was done under the supervision of Iowa State Highway Commission. The petition then alleges:

"That defendants, each and all of them, negligently caused and permitted the asphaltic concrete resurfacing for said highway to be done in such a manner as to cause the same to become dangerous and unsafe when wet."

Specifications of negligence incorporated within this general allegation are set forth against both defendants.

On the afternoon of September 1, 1963, plaintiff was riding as a passenger in a car traveling on the resurfaced highway. Rain was falling. The car slipped on the highway and went off the road into a ditch. Plaintiff was injured and seeks recovery against the Iowa State Highway Commission and the contractor.

Iowa State Highway Commission will be referred to as the commission. By special appearance the commission challenged the jurisdiction of the court. The jurisdictional attack is based on the allegation that the commission is a governmental agency and an arm of the State and is immune from suit except where immunity is waived by statute and that there is no statutory waiver or consent to jurisdiction in tort actions.

The trial court sustained the special appearance and plaintiff appeals.

The action is at law sounding in tort and based on allegations of negligence. The errors relied on for reversal will be considered separately but not in the order stated by appellant.

I. The doctrine of governmental immunity has come to us from the common law. For nearly 100 years it has been the law of our state. Except where consent has been given by the legislature the state is immune from suit. Wittmer v. Letts,

248 Iowa 648, 650, 80 N.W.2d 561. Appellant does not challenge the existence of the rule but argues for a change.

Appellant argues that the doctrine is outmoded and that the narrowing or abrogation of the doctrine is properly a function of the judiciary.

We have recently considered this problem and held that we should not interfere and by judicial decision overrule a public policy doctrine that is more appropriately left to the legislature. See Boyer v. Iowa High School Athletic Association, 256 Iowa 337, 348, 127 N.W.2d 606, 612.

For discussion of the problems incident to the doctrine of governmental immunity see 11 Drake Law Review No. 2, page 79, written prior to our latest pronouncement, and 50 Iowa Law Review 226, written since and prompted by our Boyer opinion.

II. Many jurisdictions have frowned upon and limited the immunity doctrine. The abrogation has generally applied to municipal corporations and not to the State except where legislative consent appears. See cases cited in the majority and dissenting opinion in Boyer v. Iowa High School Athletic Association, supra. The distinction between municipal corporations and an arm or agency of the State is discussed in the majority opinion.

The statutes and decisions relating to municipal corporations do not apply to a suit against the State. Section 368.2, Code of Iowa, authorizes suits against cities and towns. There is no such statute authorizing suits against the State.

The commission is an arm of the State, and unless legislative consent appears is not subject to suit in this case. Rhodes v. Iowa State Highway Commission, 250 Iowa 416, 419, 94 N.W.2d 97. "All parties recognize the Highway Commission as an arm of the State, and that it cannot be interfered with by suit or other legal proceedings when performing its official duties for the sovereign, without fraud, illegality or in derogation of statutory authority. That the building of state highways is a function of the state must be conceded."

81 C. J. S., States, section 130, says: "As a general rule, in the absence of constitutional or statutory provision therefor, a state exercising governmental functions cannot be made to

respond in damages for tort, and such sovereign immunity may not be waived or abrogated except by an express statutory enactment or by necessary inference from a statute."

81 C. J. S., States, section 214, says: "A state, by reason of its sovereign immunity, is immune from suit and it cannot be sued without its consent in its own courts, the courts of a sister state, or elsewhere."

25 Am. Jur., Highways, section 346, in words applicable to the case at bar, says: "In the absence of statute, an action of tort for injuries from defective highways cannot be maintained against the state." Appellant does not seriously contend otherwise.

III. The distinction between liability for governmental and proprietary functions is discussed in Wittmer v. Letts, supra. It is there held (loc. cit. 650 of 248 Iowa) that a county may be sued under section 332.1, Code of Iowa, and be held liable for tort incident to a proprietary but not a governmental function (loc. cit. 652). The immunity of the State is from suit rather than from liability (loc. cit. 650).

While not determinative of the case at bar we note that the commission is a creature of the legislature (chapter 307, Code of Iowa), and in building roads performs a governmental function specifically imposed by statute. Sections 313.8 and 313.12, Code of Iowa.

IV. The real controversy in the case at bar involves chapter 324, Laws of the Sixtieth General Assembly. Section 1 of this Act provides:

"The state of Iowa hereby waives immunity from suit and consents to the jurisdiction of any court in which an action is brought against the Iowa state highway commission respecting any claim, right, or controversy arising out of the work performed, or by virtue of the provisions of any construction contract entered into by the Iowa state highway commission. Such action shall be heard and determined pursuant to rules otherwise applicable to civil actions brought in the particular court having jurisdiction of the suit and the parties to the suit shall have the right of appeal from any judgment, decree, or decision of

the trial court to the appropriate appellate court under applicable rules of appeal."

Plaintiff's petition is drawn with ingenuity and the proposition argued with vigor that the claim arises "out of the work performed" and so is within the purview of the statute. Does this statute waive immunity in tort actions? We think not. The trial court in a carefully considered opinion admitted difficulty in understanding the language of the Act, but after analyzing all of the sections and the title, concluded that the creation of tort liability had not been shown. We agree.

In 81 C. J. S., States, section 130b, it is said: "The legislature may waive the state's exemption from liability for its torts or the torts of its officers and agents, and prescribe conditions of recovery, but an intent to do so must be manifested in clear and unambiguous language. The waiver merely removes a bar to liability and does not create a liability where none existed."

Here there is no clear and unambiguous waiver of immunity to suit for negligence or in tort.

Article III, Constitution of Iowa, vests legislative authority in the General Assembly and provides for the enactment of legislation. Section 29 of Article III provides:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title to chapter 324, Laws of the Sixtieth General Assembly, is as follows:

"AN ACT to waive immunity of the state of Iowa from any action at law or in equity brought to enforce, or to determine a controversy rising out of any contract in which the Iowa state highway commission is a party and to prescribe the venue, the manner of service of notice thereof and the time limitation for instituting action."

This title clearly limits the provisions of the statute and the immunity waived therein to controversies arising out of a

contract. There is not a word therein indicating any waiver of immunity in tort actions.

The rule for construction of such a statute is stated in 82 C. J. S., Statutes, section 391, as follows:

"Statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed, and should not be permitted to divest the state or its government of any of its prerogatives, rights, or remedies, unless the intention of the legislature to effect this object is clearly expressed."

We conclude as did the trial court that the State and its agencies enjoy immunity from suit unless waived and that there has been no waiver of the State's immunity in tort actions sounding in alleged negligence.

Because of our conclusion, other and collateral matters argued need not be discussed.

The case is—Affirmed.

GARFIELD, C. J., and THOMPSON, LARSON and STUART, JJ., concur.

MOORE, PETERSON and THORNTON, JJ., concur specially.

HAYS, J., not sitting.

MOORE, J. (concurring specially)—My Opinion that this court should abrogate the doctrine of governmental immunity, as expressed in the dissent in Boyer v. Iowa High School Athletic Association, 256 Iowa 337, 127 N.W.2d 606, remains unchanged. However I agree the construction of the statute as announced here is correct. I therefore concur.

PETERSON and THORNTON, JJ., join in this special concurrence.