James H. HOCTEL and Diane L.
Hoctel, Appellants,

v.

STATE of Iowa, Appellee.

No. 83–178.

Supreme Court of Iowa.

Feb. 15, 1984.

Arthur L. Buzzell and Catherine Alexander, of Newport & Buzzell, Davenport, for appellants.

Thomas J. Miller, Atty. Gen., and Robert J. Huber, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

WOLLE, Justice.

In this case we must decide whether the Iowa Tort Claims Act, Iowa Code chapter 25A (1983), permits a claim against the State based on strict liability in tort.

Plaintiffs James H. and Diana L. Hoctel brought this action against the State of Iowa to recover for injuries incurred by their minor daughter after she received an immunization shot provided by the State. The plaintiffs' amended petition asserted only a strict liability cause of action, and the trial court granted the State's motion to dismiss. Applying applicable rules of statutory construction, we conclude that the Iowa Tort Claims Act does not permit an action based solely on strict liability and therefore affirm.

The Iowa Tort Claims Act provides that:

The state shall be liable in respect to such claims to the same claimants, and in the same manner, and to the same extent as a private individual under like circumstances . . . .

Iowa Code § 25A.4 (1983). A claim is defined in part as a "negligent *or wrongful* act or omission." Iowa Code § 25A.2(5)(b) (1983) (emphasis added). The plaintiffs argue that the term "wrongful act" means something other than a negligent act and can include actions that result in injury

even though the State was not negligent. Iowa recognized such an action in private products liability actions in *Hawkeye-Security Insurance Co. v. Ford Motor Co.*, 174 N.W.2d 672, 684 (Iowa 1970) (adopting Restatement (Second) of Torts § 402A).

■■■ When interpreting the meaning of statutory language, we look to the intent of the legislature. *Hinders v. City of Ames*, 329 N.W.2d 654, 655 (Iowa 1983); *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). Because the Iowa Tort Claims Act is patterned after the Federal Tort Claims Act, we assume that our legislature intended the Iowa act to have the same effect as the federal act. *Adam v. Mount Pleasant Bank & Trust*, 340 N.W.2d 251, 252 (Iowa 1983); *Lloyd v. State*, 251 N.W.2d 551, 556 (Iowa 1977); *Hubbard v. State*, 163 N.W.2d 904, 911 (Iowa 1969). The federal act, like the Iowa act, defines a permitted claim as one alleging a "negligent or wrongful act or omission." 28 U.S.C. § 1346(b) (1976); Iowa Code section 25A.2(5)(b) (1979). Consequently, federal cases interpreting this language may be referred to in determining whether the term "wrongful act" encompasses strict liability claims against the State of Iowa. *Lewis v. State*, 256 N.W.2d 181, 192 (1977).

The United States Supreme Court has consistently held that the Federal Tort Claims Act does not waive immunity for suits against the government based on strict liability. *Laird v. Nelms*, 406 U.S. 797, 802–03, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499, 504 (1972); *Dalehite v. United States*, 346 U.S. 15, 44–45, 73 S.Ct. 956, 972–73, 97 L.Ed.2d 1427, 1445 (1953). In *Dalehite*, the plaintiffs sustained injuries in the explosion of ammonium nitrate fertilizer on wharves supervised by the United States Coast Guard; they alleged both negligence and strict liability in their federal tort claims lawsuit. In deciding that strict liability claims were not included in the "negligent or wrongful act or omission" language, the Court stated:

> Petitioners rely on the word "wrongful" though as showing that something in ad-
> dition to negligence is covered. This argument, as we have pointed out, does not override the fact that the Act does require some brand of misfeasance or nonfeasance, and so could not extend to liability without fault; in addition, the legislative history of the word indicates clearly that it was not added to the jurisdictional grant with any overtones of the absolute liability theory. Rather, Committee discussion indicates that it had a much narrower inspiration: "trespasses" which might not be considered strictly negligent.

346 U.S. at 45, 73 S.Ct. at 972–73, 97 L.Ed. at 1445.

In *Laird*, the plaintiffs argued that the federal government had committed a trespass when sonic booms from military airplanes damaged their property. They argued that the government had thereby committed a "wrongful act" under the Federal Tort Claims Act. The Supreme Court rejected this argument and clarified the meaning of "wrongful act":

> The legislative history discussed in *Dalehite* indicates that Congress intended to permit liability essentially based on the intentionally wrongful or careless conduct of Government employees, for which the Government was to be made liable according to state law under the doctrine of respondeat superior, but to exclude liability based solely on the ultrahazardous nature of an activity undertaken by the Government.

406 U.S. at 801, 92 S.Ct. at 1901–02, 32 L.Ed.2d at 503.

■■■ We think the Iowa legislature intended a similar result. *Dalehite* was decided in 1953, twelve years before the Iowa Tort Claims Act was enacted. We presume that when our legislature adopted the federal language defining permitted claims, it knew that the United States Supreme Court had excluded from that definition claims based on theories of strict liability. *See Hines v. Illinois Central Gulf Railroad*, 330 N.W.2d 284, 289 (Iowa 1983); *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983).

We hold that an action for strict liability against the State is not available under the Iowa Tort Claims Act.

AFFIRMED.