### GAF CORPORATION, Plaintiff,

v.

### UNITED STATES of America, Defendant.

### Civ. A. No. 83–1322.

United States District Court, District of Columbia.

Aug. 13, 1984.

---

Paul A. Zevnik, James K. Wholey, Paul, Hastings, Janofsky & Walker, Washington, D.C., for plaintiff.

Bruce N. Bagni, Janice G. O'Reilly, David S. Fishback, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

In recent years, numerous asbestos workers have brought personal injury and wrongful death suits against the GAF Corporation, alleging harmful exposure to asbestos fibers contained in thermal insulation products manufactured by GAF. In this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, GAF seeks indemnity, contribution or apportionment from the United States for the money GAF has expended in settling 766 of those asbestos suits. *See Lockheed Aircraft Corporation v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983) (holding that manufacturer may seek indemnity from the United States for its tort liability to civilian employees).

As a threshold question the government challenges GAF's right to bring this suit and has filed a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1). The issues presented in that motion are, first, whether GAF prematurely filed its complaint before the completion of administrative proceedings; and, second, whether GAF's administrative claim complied with the administrative presentation-of-claim requirements of the FTCA.

The Court finds that GAF's complaint was not prematurely filed, but that the administrative claim did not comply with the FTCA's requirements and that consequently this Court lacks subject matter jurisdiction over this action and must dismiss the complaint.

## BACKGROUND

A prerequisite to the filing of suit against the United States under the FTCA is the submission of an administrative claim to the appropriate federal agency or agencies. A claimant may not file suit in district court until that claim "shall have been finally denied by the agency." 28 U.S.C. § 2675(a). Should the agency fail to make final disposition of a claim within six months, such failure, "at the option of the claimant," constitutes a final denial for purposes of filing suit.

On November 2, 1982, GAF presented an administrative notice of claim to various

federal agencies, seeking damages for amounts paid in settlement and defense costs in connection with 766 cases brought against GAF by various individuals exposed to asbestos fibers. Subsequently, on December 30, 1982, GAF submitted an amended notice of claim covering an additional 239 underlying cases, and correcting a typographical error contained in the original notice of claim. The correction of the typographical error changed an "s" to a "j" in 637 of the 766 individual case summaries attached to the original notice of claim. Instead of reading "Name of insured party," the corrected line read "Name of inj ured party."

Subsequently, on May 6, 1983,—more than six months after the filing of the original notice of claim but less than six months after the filing of the amended notice of claim—GAF filed its complaint here under the FTCA. The complaint explicitly relies upon the original Notice of Claim of November 2, 1982, as its administrative predicate, and, of necessity, does not seek recovery for any of the claims that were added in the amended notice of claim of December 30, 1982. It states that the government's failure to make final disposition of the November notice within six months gave GAF the option to file suit.

GAF alleges a number of different theories in the complaint to justify recovery from the United States. Plaintiff states that the 766 claimants were employed by the United States and government contractors when exposed to asbestos. It adds that the United States specified that asbestos be used in the insulation products being installed; the United States knew of the hazards of asbestos yet failed to provide a safe work-place environment; it sold asbestos to GAF without warning GAF of asbestos' dangers; and that it induced or encouraged GAF to increase its production of asbestos products.

Despite these various theories of liability, the complaint treats all of the 766 claimants indiscriminately in the complaint. GAF does not treat any of the claims individually, or sort out the theories of liability

and apply them to specific underlying claims. Rather, GAF's complaint speaks of the claims only as a group, despite the fact that the claims arise from individuals scattered across the country who worked for different employers.

The complaint seeks $2,050,369.71 for the full amount of all settlements paid by GAF to claimants in the 766 asbestos cases, as well as $1,504,125.28 for all legal costs associated with settlement and defense of the cases.

On August 15, 1983, the government filed its motion to dismiss, in which it makes essentially two arguments. First, that the six months that GAF is required to wait before filing suit must be calculated from the *amended* notice of claim, not the original. Since less than six months elapsed from the submission of the amended notice of claim on December 30, 1982, to the filing of the complaint, the government argues that this Court lacks subject matter jurisdiction. Second, the government argues that the notice of claim, be it the original or the amended notice, fails to provide the minimum amount of information necessary to constitute a valid notice of claim.

The Court rejects the government's first argument but accepts the second. As shown below, the proper date for reckoning the six months is November 2, 1983, the date of the original notice of claim. Consequently, GAF's lawsuit is not premature. However the Court must dismiss the complaint for lack of subject matter jurisdiction for GAF's failure to provide sufficiently detailed information in its notice of claim.

## ANALYSIS

**Prematurity**

The administrative filing requirements of section 2675 of the FTCA are jurisdictional and cannot be waived. *E.g., Lurch v. United States,* 719 F.2d 333, 335 n. 3 (10th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984); *Richman v. United States,* 709 F.2d 122, 124 (1st Cir.1983); *Keene Corp. v. United*

*States,* 700 F.2d 836, 841 (2d Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). A complaint filed against the United States prior to the expiration of section 2675(a)'s six-month period without a formal denial by the agency must be dismissed for lack of subject matter jurisdiction. *E.g., Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981). Furthermore, if the complaint is prematurely filed, a court cannot wait until the six-month period elapses and then assert jurisdiction; it may assert jurisdiction over a case only where the complaint is filed after the six-month period. *Id.*

Under the FTCA's regulations if the claimant files a timely amendment to the administrative claim, then the six months run not from the original notice of claim but rather from the date of the amendment.

> Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of the amendment.

28 C.F.R. § 14.2(c). *See Keene,* 700 F.2d at 840 n. 5 (amended notice of claim totally supersedes initial notice).

Given these premises, the government makes a deceptively straightforward argument. Since GAF's own counsel described the December 30 Notice of Claim as an amendment to the November 2, Notice of Claim,[1] and since the regulations provide that the six months run anew from an amendment, that consequently section 2675(a)'s six-month period should run from the date of GAF's amended notice of claim, December 30. Since less than six months elapsed between the amended notice and the complaint, the Court must dismiss the complaint for lack of subject matter jurisdiction.

In making this argument, the government specifically disavows reliance "in any respect on the typographical change [from "s" to "j"] as a basis for its position that the December filing constituted an amendment to GAF's Notice of Claim."[2] Rather, the government claims that once GAF itself labeled the December 30 Notice as an amendment to the earlier Notice, the government relied upon that characterization and undertook a comprehensive review of all 1,005 underlying claims as a group (766 from the November Notice and 239 additional claims added by the December Notice), with an eye towards providing GAF with a response to the entire group of 1,005 claims within six months of December, only to find that GAF filed suit before expiration of that period.

The Court cannot accept this argument. Congress has mandated the filing of an administrative claim as a precondition to the filing of suit in order to provide the government with the opportunity to "investigate, evaluate and consider settlement of a claim." *Keene,* 700 F.2d 842. The fact that GAF described December's 239 additional claims as an amendment to the earlier 766 claims, rather than as a distinct claim, should in no way have affected the government's ability to investigate, evaluate and settle the 766 claims. In the Amended Notice, GAF clearly stated that the earlier claims were not changed by the new notice, except for correction of the typographical error. GAF specifically stated that with respect to the earlier claims, the amended notice altered "neither the amount claimed by GAF nor the basis of GAF's claims."[3] Consequently, the government should not have interrupted its investigation of the 766 claims included in GAF's original notice of claim.

---

1. *See* Letter of December 30, 1982 by Paul A. Zevnik to Attorney General William French Smith at 1, attached as Exhibit B to the defendant's motion to dismiss, filed August 15, 1983.

2. Defendant's Reply to GAF Corporation's Opposition to the United States' Motion to Dismiss, filed September 20, 1983, at 14.

3. Letter of December 30 by Mr. Zevnik to Attorney General Smith at 2.

■ In light of the fact that the amended notice did not modify the claims contained in the original notice in any essential way, and in light of the fact that GAF alerted the government to the absence of any change, this Court holds that the date from which section 2675(a)'s six months must be calculated is November 2, 1982, not December 30, 1982. Thus, more than six months elapsed by the time GAF filed the complaint on May 6, 1983.

## Adequacy of the Notice of Claim

In its second argument the government contends that the administrative notice of claim [4] is insufficiently detailed and thus did not constitute a valid claim under the FTCA. In order to carefully evaluate that contention, it is helpful to describe in greater detail the contents of the notice of claim.

### A.

For the filing of claims under the FTCA, the Department of Justice has prescribed a standard Form 95 consisting of two pages. The first page asks for personal information (name, address, etc.) of the claimant; date, day and time of the accident; amount of claim in dollars; a description of the accident; nature of damage for both property damage and personal injury; witnesses; signature and date of claim. The second page asks for information relating to insurance coverage.

Obviously, this form is not suitable for an omnibus sort of claim seeking indemnification for money expended in hundreds of underlying actions. Presumably in response to that difficulty, GAF submitted numerous standard Form 95s categorizing the underlying claims according to the courts where filed, and then attached numerous exhibits to each Form 95.[5] For

example one Form 95 covers a single claim settled in the Superior Court for the State of California, County of Solano, in Fairfield, California. J.A. at Tab 1. Another Form 95 covers roughly 125 claims arising in six different locations brought in the Superior Court for the State of California, County of San Francisco, San Francisco, California. J.A. at Tab 3. Of those claims, about 110 were litigated in one case, *Billy Bell, et al. v. Johns-Manville Corporation, et al.,* Complaint # 764046. Interestingly, GAF states that each of the 110 was settled for the identical sum of $2,000, and that defense costs for each of the 110 claims amounted to $53.60.

Generally, for each underlying claim included in a particular Form 95, GAF included as part of an attached exhibit a one page individual case summary, entitled "Asbestos Litigation Case Report," which generally provides the following information for the individual underlying claim: name of injured party; social security number or date of birth; employment history (employer, job site, dates of employment); caption of the case brought by the claimant against GAF, including civil action and docket number; disposition of case (e.g. settlement, verdict, etc.) with amount paid by GAF and date paid; and defense costs associated with disposition of the claim. However, that information is not always provided with each case summary. In some instances the social security number or date of birth is omitted, *see, e.g.,* J.A. at Tab 2 (Asbestos Litigation Case Report of Roy G. Thompson); in some the employer is described merely as "Numerous insulation contractors throughout the country," *see, e.g.,* J.A. at Tab 2 (Asbestos Litigation Case Report of Houston E. Stevenson); in

**4.** With respect to the 766 underlying claims at issue here, there is no difference between the original and amended notice aside from the change from "s" to "j." Consequently, the Court will refer generally to the notice of claim without specifically referring to the original or amended notice.

**5.** The parties did not submit the entire notice of claim, but rather they filed on August 15, 1983,

a Joint Appendix of Sample Administrative Notices of Claims under the FTCA of GAF Corporation. The Court's description here is based on that Joint Appendix (referred to as "J.A."). Unfortunately, the Joint Appendix is not paginated; the parties merely divided it into six tabs, some of which encompass well over a hundred pages. Consequently, references to the Joint Appendix can be no more specific than J.A. at Tab ──.

some the job site is omitted or described as "Various locations in the country." *See, e.g.,* J.A. at Tab 2 (Asbestos Litigation Case Report of Lelos Wedgeworth). In at least one instance the claimant "contracted asbestosis from washing husband's clothes." J.A. at Tab 2 (Asbestos Litigation Case Report of Dorothy C. Oden).

In addition to the exhibit containing individual case summaries for each underlying claimant, GAF attached a number of other exhibits to each Form 95. Of great importance is the fact that the remaining exhibits are identical or nearly identical for each Form 95, despite the variety of claims encompassed by each Form 95. For example, in one exhibit attached to all the Form 95s, GAF lists the same 18 witnesses, all present or former employees of GAF. In another exhibit attached to all the Form 95s, GAF sets forth five acts and omissions of the United States which resulted in the claims encompassed by each Form 95: the United States (1) specified the use of asbestos in the construction and overhaul of its vessels; (2) failed to take reasonably prudent precautions or to provide a safe workplace environment; (3) sold to GAF asbestos which, in accordance with requirements of the United States, was included in insulation materials for use on United States vessels and facilities; (4) encouraged and supported the production by GAF of asbestos for use on United States' vessels and facilities; (5) undertook such acts and omissions despite its knowledge of asbestos' injury-producing properties. Again, those same acts and omissions allegedly form the basis for liability of the United States with respect to *all* the claims included in each Form 95. Thus, the exhibit attached to the Form that encompasses but one claim lists those acts and omissions, as does the exhibit attached to the Form that encompasses 125 claims.

**B.**

Numerous courts of appeals have discussed the problem of sufficiency of notice, a problem of great import because of the jurisdictional nature of the notice of claim. A notice of claim inadequate under section 2675(a) deprives a court of jurisdiction over the subsequent complaint. *See Keene,* 700 F.2d at 841.[6]

Under section 2675(a) of the FTCA, "[m]inimal notice requires claimants to (1) give an agency sufficient written notice to commence investigation and (2) place a value on the claim." *Warren v. United States Department of Interior Bureau of Land Management,* 724 F.2d 776, 779 (9th Cir.1984) citing *Avery v. United States,* 680 F.2d 608, 610 (9th Cir.1982). *Accord Bush v. United States,* 703 F.2d 491, 494 (11th Cir.1983); *Adams v. United States,* 615 F.2d 284, 288, *clarified at* 622 F.2d 197 (5th Cir.1980). Because GAF has placed a very precise value on all the claims as a group, and on each individual claim, both for funds expended in settlement and for attorneys' fees, this Court has no difficulty in finding that GAF has complied with the second of section 2675(a)'s two jurisdictional requirements— the "sum certain" requirement. *See Keene,* 700 F.2d at 841–42; 28 C.F.R. § 14.2(a). The far more difficult question is whether GAF has satisfied the requirement of "sufficient written notice."

GAF contends that it also satisfied that requirement, which, GAF stresses, the various circuits have construed to be a minimal one. According to the Ninth Circuit, for example, all that necessary under this requirement is "a skeletal claim form, containing only the bare elements of notice of accident and injury." *Avery,* 680 F.2d at 610. *See also Bush,* 703 F.2d at 494–95; *Tucker v. United States Postal Service,*

**6.** While there exists a split in the circuits on the question of whether the requirements of the FTCA's settlement regulations (promulgated pursuant to section 2672 rather than 2675 of the FTCA) are jurisdictional, *see Warren v. United States Department of the Interior Bureau of Land Management,* 724 F.2d 776, 785–87 (9th

Cir.1984) (dissenting opinion) (summarizing case law); *Keene,* 700 F.2d at 841 n. 9, the Court here need not resolve that question. The Court finds that even focusing solely on the requirements of section 2675—which are universally understood to be jurisdictional—GAF's administrative claim is inadequate.

676 F.2d 954, 959 (3d Cir.1982); *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir. 1981).

The problem with all the cases cited by GAF is the fact that they almost all deal with a single claimant suing the United States over one isolated incident. *See, e.g., Bush,* 703 F.2d at 493 (one claimant alleging medical malpractice during surgery leading to husband's death); *Avery,* 680 F.2d at 609–10 (deciding two cases, each with one claimant alleging injury in a fall); *Tucker,* 676 F.2d at 955 (one claimant alleging personal injury in motor vehicle accident); *Douglas,* 658 F.2d at 446 (one claimant alleging injury to ankle when plank collapsed). The pronouncements in those comparatively straightforward cases are of limited help in evaluating the sufficiency of a claim encompassing hundreds of underlying claims. Common sense dictates that the amount of information more than sufficient in a simple case may be patently insufficient in a more complex case. Consequently, of greatest use to this Court in determining the adequacy of GAF's notice are the standards set forth in *Keene. Keene* is the only appellate decision of which this Court is aware setting forth the requirements necessary in an administrative claim in an action under the FTCA by a manufacturer of asbestos products seeking indemnification for a host of underlying claims.

In *Keene,* the Second Circuit dismissed the complaint for lack of subject matter jurisdiction, holding, in part, that the administrative claim provided insufficient notice. The court there found fault with a number of aspects of Keene Corporation's notice of claim. Keene failed to place a "sum certain" value on each underlying claim. *Keene* at 842. That fault, of course, is absent here; GAF provided a sum certain for its claims both individually and as a group. However, *Keene* also found that the notice of claim failed to provide sufficient notice with respect to Keene's theory of governmental liability. "The generality of the statement claiming liability on the part of the government failed to provide sufficient information re-

garding the nature and merits of Keene's claim so far as liability is concerned." *Id. Keene* recognized that Keene Corporation had provided some information, but *Keene* held that Keene had not fulfilled its burden of supplying enough information to the government. "[T]hat burden is not met simply either because the government is generally familiar with asbestos litigation or because the case names and docket numbers are appended to the Notice." *Id.*

*Keene* went on to stress that the notice of claim and complaint had failed to inform the government of the factual and legal background for each claim.

> Keene's laundry list of potential variables makes it impossible for the government—or a court—to evaluate Keene's action against the government. Dozens of different combinations of material facts are possible under the complaint, and the exposure of the government on liability may vary enormously between them, yet, short of a detailed examination of each action against Keene, the government cannot evaluate that exposure. Keene's failure to organize the individual suits by general category simply makes it impossible for the government to respond to Keene's suit.

*Id.* GAF's notice of claim suffers from the same flaw. It fails to provide key information with respect to both the factual background of each claimant, and the grounds for liability on the part of the government.

The gaps in the factual summaries for each of the claimants are numerous. For some claimants no employer is listed ("Numerous insulation contractors throughout the country"). For some claimants no job sites are specified ("Various locations in the country"). For others no dates of exposure or time span are provided. For many, no job description is specified. It is impossible for the government to investigate the claims without those details.

Furthermore, even in the instances where GAF does provide that information, GAF does not indicate why the government should be liable for the claimant's exposure

to asbestos. True, GAF lists five acts or omissions of the government which allegedly form the basis for the government's liability. But rather than categorizing the claims according to those acts or omissions of the government, GAF instead ascribes all those acts and omissions to each and every claim. That is no more helpful than Keene's "laundry list of variables." It is inconceivable to this Court that these acts or omissions are applicable to every claim. The identical set of acts or omissions cannot explain at the same time both liability for a woman who "contracted asbestosis from washing husband's clothes," and liability for a welder or pipefitter working in a shipyard. Listing acts or omissions that allegedly form the basis for the government's liability, and then indiscriminately attaching the entire list to every underlying claim, is little better than providing no list at all.

Another example: one of the acts which supposedly renders the United States liable to GAF is the sale by the United States to GAF of asbestos which, in compliance with government requirements, GAF included in insulation materials. But that act of the United States is relevant only to individuals who contracted asbestosis from asbestos *sold by the United States.* Yet the complaint itself makes clear that not all of GAF's asbestos products were produced from asbestos sold to GAF by the United States.[7] Clearly, the United States is in no position to evaluate its exposure for sale of asbestos when GAF does not specify which of the particular claimants was injured as a result of the sale.

Because of the inadequacy of the notice of claim, this Court has no alternative but to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

Though GAF filed its complaint in a timely fashion, the Court must dismiss the complaint for lack of subject matter jurisdiction based on GAF's failure to provide, for each

claimant, the minimal amount of information required by section 2675 of the FTCA.

---

7. The complaint indicates that GAF began full-scale production of asbestos products in 1944, ¶ 15, while the United States did not begin selling asbestos to GAF until 1947. ¶ 21.