**Ronald John FELTES, Appellant,**

v.

**STATE of Iowa and Iowa Department of Transportation, Appellees.**

No. 85–106.

Supreme Court of Iowa.

April 16, 1986.

Stephen B. Jackson and Mark Rettig of Hines, Pence, Jackson, Day & Powers, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Lester A. Paff, Sp. Asst. Atty. Gen., and David A. Ferree, Asst. Atty. Gen., for appellees.

REYNOLDSON, Chief Justice.

Following a line of our long-standing decisions, the district court dismissed plaintiff Ronald John Feltes' tort action against the State for lack of jurisdiction because he had not pursued his claim to the state appeal board as required by Iowa Code section 25A.5 (1983). In this appeal plaintiff asks us to carve out an exception to our rule, in light of the unusual facts surrounding his case. We affirm.

June 29, 1984, plaintiff filed this action in district court, alleging the State[1] was negligent in not removing ice and snow from highway 151, resulting in an auto accident

---

1. Iowa Department of Transportation was another named defendant. The State's special appearance also alleged this agency could not be named as a defendant, there being no authority in Iowa Code section 25A to sue an agency. *See* Iowa Code § 25A.16 (1983). Trial court agreed and plaintiff has not appealed that facet of the district court ruling.

that caused plaintiff's injuries and damages. The State filed a special appearance, asserting the court had no jurisdiction to hear the case because, *inter alia*, plaintiff had not first complied with Iowa Code section 25A.5. That statute in relevant part provides:

25A.5 When suit permitted.

No suit shall be permitted under this chapter unless the state appeal board has made final disposition of the claim; except that if the state appeal board does not make final disposition of a claim within six months after the claim is made in writing to the state appeal board, the claimant may, by notice in writing, withdraw the claim from consideration of the state appeal board and begin suit under this chapter.

Iowa Code § 25A.5 (1983).

Plaintiff's resistance to the special appearance alleged he had filed a claim with the state appeal board on June 28, 1984, the day before his district court petition was filed. Plaintiff frankly asserted he had proceeded in this fashion to avoid a provision of the then new comparative fault act, effective July 1, 1984, which provided:[2]

In any action brought pursuant to this chapter, the state or a municipality shall not be assigned a percentage of fault for any of the following:

. . . .

(2) The failure to remove natural or unnatural accumulations of snow or ice, or to place sand, salt, or other abrasive material on a highway, road, or street if the state or municipality establishes that it has complied with its policy or level of service for snow and ice removal or placing sand, salt or other abrasive materials on its highways, roads, or streets.

1984 Iowa Acts ch. 1293, § 10.

December 19, 1984, after hearing, trial court sustained the State's special appearance. After reviewing our case law, the court held that the recourse to the state appeal board must be pursued "before a district court has subject matter jurisdiction over a case." Finally, the district court rejected plaintiff's suggestion that it should defer action on the motion to dismiss until the state appeal board made a decision. The court reasoned that once it found jurisdiction did not exist, it was required to dismiss the case.

Appealing, plaintiff argues that although the court's ruling "may be a clear statement of the law" certain exceptions to the "principle of exhaustion of administrative remedies" apply.

I. Plaintiff overlooks the fact we are not confronted with the garden-variety situation involving district court judicial *review* of agency action. There certain exceptions to the exhaustion rule may infrequently apply; for example, when the administrative remedies are not "adequate," see Iowa Code section 17A.19(1),[3] or where there is an attack on the agency's enabling statute, see *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 836 (Iowa 1979). Significantly, however, this is not a review of administrative action but an original action in district court against the State, brought under an act in which the State has limited and restricted those instances in which it will permit such litigation.

The preamble of the act now identified as Iowa Code chapter 25A states:

AN ACT to create and establish a state tort claims Act; defining terms and conferring upon the state appeal board on behalf of the state the power to determine certain claims against the state; permitting the state to be sued and *waiving* the state's *immunity* from liability *to the extent provided herein; conferring jurisdiction in the district court* to hear, determine, and render judgment; and generally pro-

---

**2.** This provision now appears in the 1985 Iowa Code as section 668.10(2) and applies to all cases filed on or after July 1, 1984. *See* 1984 Iowa Acts ch. 1293, § 15.

**3.** The Iowa Tort Claims Act, at section 25A.1, provides, "Every provision of this chapter is applicable and of full force and effect notwithstanding any inconsistent provision of the Iowa Administrative Procedure Act."

viding for the practice and procedure to establish liability of the state on tort claims.

1965 Iowa Acts ch. 79 (emphasis added).

Examining the constitutionality of this legislation in *Graham v. Worthington,* 259 Iowa 845, 146 N.W.2d 626 (1966), we observed:

> The General Assembly, by chapter 25A, waived governmental immunity of the state and designated the class of claims for which redress might be had. It also prescribed the standards and mechanics for presentation, consideration, determination, adjudication, and subsequent payment of those claims factually found to be meritorious under the Act.

*Id.* at 857, 146 N.W.2d at 634. We early interpreted such legislation, however, as not abolishing governmental immunity except to the extent permitted by the enactment.[4]

> Both new legislative enactments [chapter 25A and chapter 613A, allowing claims against named governmental subdivisions under certain stated conditions] are predicated upon the continued existence of common-law governmental immunity. Any deviation from that principle would seriously affect all future interpretations of the new legislation. Stated otherwise, governmental immunity has been abrogated by the legislature only to the extent and under the conditions set forth in the statute.

*Barad v. Jefferson County,* 178 N.W.2d 376, 378 (Iowa 1970).

Prior to the enactment of Iowa Code chapter 25A, tort actions involving the state were met with the defense that because governmental immunity had not been waived there was no jurisdiction in the district court to adjudicate such cases. *See*

*Montandon v. Hargrave Construction Co.,* 256 Iowa 1297, 1299, 130 N.W.2d 659, 660 (1964). We referred to this history in *Hubbard v. State,* 163 N.W.2d 904 (Iowa 1969):

> Prior to March 30, 1965, the effective date of the Iowa Tort Claims Act (herein called the Act), our courts lacked jurisdiction over suits brought against the State and its agencies sounding in tort. In *Montandon v. Hargrave Construction Co.,* 256 Iowa 1297, 130 N.W.2d 659, we held the doctrine of governmental immunity to tort actions was jurisdictional and affirmed the [district] court's order sustaining the special appearance filed by defendant State agency.

*Id.* at 906. It therefore was logical that the enactment that is now Iowa Code chapter 25A should be described by the legislature as one "waiving the state's immunity from liability to the extent provided herein [and] conferring jurisdiction in the district court to hear, determine, and render judgment." 1965 Iowa Acts ch. 79.

Our subsequent decisions consistently have described Iowa Code chapter 25A as one granting only a limited waiver of state immunity, and the basic issue one of subject matter jurisdiction. *See, e.g., Balster v. State,* 360 N.W.2d 788, 789 (Iowa 1985) ("[Iowa Code chapter 25A] is a qualified waiver of sovereign immunity for tort claims against the State of Iowa."); *Hoctel v. State,* 343 N.W.2d 832, 833 (Iowa 1984) ("[T]he legislative history of the word ['wrongful' as it appears in Iowa Code section 25A.2(5)(b)] indicates clearly that it was not added to the jurisdictional grant with any overtones of the absolute liability theory."); *Heumphreus v. State,* 334 N.W.2d 757, 759 (Iowa 1983) ("But for section 25A.14(6) . . . clearly the district court

---

4. These interpretations followed the United States Supreme Court rulings in the area of federal government immunity:

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586,

61 S.Ct. 767, 769–770, 85 L.Ed. 1058[, 1061] (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52[, 56] (1969).

*United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607, 613 (1980).

would have subject-matter jurisdiction ... of the present tort claim."); *Hansen v. State,* 298 N.W.2d 263, 265 (Iowa 1980) ("The state may now be sued in tort only in the manner and to the extent to which consent has been given by the legislature."); *Jontz v. Mahedy,* 293 N.W.2d 1, 2 (Iowa 1980) ("[T]he procedures prescribed in [Iowa Code chapter 25A] must be exhausted before an Iowa court has jurisdiction over the claim."); *Lewis v. State,* 256 N.W.2d 181, 192 (Iowa 1977) ("As pointed out in *Lloyd v. State* if one of the enumerated exceptions to state tort liability set out in chapter 25A applies, a court does not have subject matter jurisdiction of the claim and it must consequently be dismissed." (citation omitted)); *Lloyd v. State,* 251 N.W.2d 551, 555–56 (Iowa 1977) (Where alleged tortious conduct fell within the Iowa Code section 25A.14(1) discretionary function exception to liability, the court was without subject matter jurisdiction and the case must be dismissed.); *Saxton v. State,* 206 N.W.2d 85, 86 (Iowa 1973) (per curiam) ("The narrow question presented is whether plaintiffs' action comes within one of the exceptions to state tort liability enumerated in Code § 25A.14. If it does, the court lacked subject matter jurisdiction and the special appearance was correctly sustained."); *Weisbrod v. State,* 193 N.W.2d 125, 127 (Iowa 1971) ("This statutory suit may not be brought, however, until the administrative remedy is exhausted.").

■ Plaintiff concedes he did not follow the claims process laid down by Iowa Code section 25A.5, which plainly permits suit only after the state appeal board has made a final disposition of the claim or has not disposed of it within six months. In these circumstances, and under the above authorities, the district court had no jurisdiction and the suit was subject to dismissal.

II. Because the Iowa Tort Claims Act (ITCA) is modeled after the Federal Tort Claims Act (FTCA), we have found that the legislature intended the Iowa Act to have the same effect as the FTCA. Thus, we have given great weight to relevant federal decisions. *Adam v. Mount Pleasant Bank & Trust Co.,* 340 N.W.2d 251, 252 (Iowa 1983); *Hoctel,* 343 N.W.2d at 833; *Hubbard,* 163 N.W.2d at 910–12.

For example, we have followed the federal decisions that hold the exceptions to the FTCA are jurisdictional. *See, e.g., Carlyle v. United States,* 674 F.2d 554, 556 (6th Cir.1982); *Morris v. United States,* 521 F.2d 872, 874 (9th Cir.1975); *Gibson v. United States,* 457 F.2d 1391, 1392 n. 1 (3d Cir.1972). The rationale is that when an area or subcategory is excepted from the waiver, it is still covered by sovereign immunity, and consequently, the courts have no jurisdiction. *See, e.g., Morris,* 521 F.2d at 874.

Further, our *Lloyd* decision, in which we analyzed these concepts in depth, is consistent with federal decisions that involve the issue now before us. Section 2675(a) of the FTCA is similar to ITCA section 25A.5[5] because it requires that all claims be submitted to an agency and a final decision be made or six months have passed before suit is initiated. 28 U.S.C. § 2675(a) (1982). When interpreting section 2675(a), federal courts have held that exhaustion of administrative remedies is a jurisdictional prerequisite to suit. *See, e.g., Sanders v. United*

5. We have said that federal decisions are persuasive because the Iowa Act is based on the FTCA. However, when Iowa Code section 25A.5 was enacted in 1965, the FTCA did not require that all claims first be submitted to an administrative agency before suit. *Whistler v. United States,* 252 F.Supp. 913, 917 (N.D.Ind. 1966). Nevertheless, once a claim was submitted, suit could not be brought until the agency had made a final decision. 28 U.S.C. § 2675(a) (1964). To this extent the state and federal code sections were similar.

On July 18, 1966, Congress amended section 2675(a) to require that all claims be submitted to an agency for final disposition before suit was permitted. *See* Federal Tort Claims Act, Pub.L. No. 89–506, § 2, 80 Stat. 306, 306 (1966). The legislative history cited the Iowa provision as "precedent" for the amendment to the FTCA. S.Rep. No. 1327, 89th Cong., 2d Sess. 4, *reprinted in* 1966 U.S. Code Cong. & Ad. News 2515, 2517–18. Therefore, the federal decisions interpreting this amended provision of the FTCA are persuasive in our determinations under Iowa Code section 25A.5.

*States,* 760 F.2d 869, 872 (8th Cir.1985); *Reynolds v. United States,* 748 F.2d 291, 292–93 (5th Cir.1984); *Colorado Flying Academy, Inc. v. United States,* 724 F.2d 871, 874 n. 9 (10th Cir.1984); *Johns-Manville Sales Corp. v. United States,* 690 F.2d 721, 722 (9th Cir.1982); *Gregory v. Mitchell,* 634 F.2d 199, 203–04 (5th Cir. 1981); *GAF Corp. v. United States,* 593 F.Supp. 703, 705–06 (D.C.D.C.1984); *Reiser v. Di Pietro,* 78 F.R.D. 541, 542–43 (N.D.Ill. 1978).

As we did in *Lloyd* and *Jontz,* the federal courts have based their analysis on the unique nature of sovereign immunity. *See, e.g., Gregory,* 634 F.2d at 203–04; *Three-M Enterprises, Inc. v. United States,* 548 F.2d 293, 294–95 (10th Cir.1977). Because a government may not be sued except as it consents, any waiver of immunity defines the court's jurisdiction over an action. *Three-M Enterprises,* 548 F.2d at 294; *see Gregory,* 634 F.2d at 203. A waiver of sovereign immunity is strictly construed, and consequently, the administrative claims procedure must be followed in order to invoke the court's jurisdiction. *Reynolds,* 748 F.2d at 292; *Three-M Enterprises,* 548 F.2d at 295. The federal courts thus have concluded that a plaintiff must present his or her claim to the agency and receive a final determination as a jurisdictional prerequisite to suit. Administrative review must be exhausted under the FTCA before the federal district court has jurisdiction. *Sanders,* 760 F.2d at 872; *Gregory,* 634 F.2d at 203–04; *Three-M Enterprises,* 548 F.2d at 294–95. We reached the same conclusion in *Jontz* when we held that administrative remedies must be exhausted under chapter 25A before Iowa's district court has jurisdiction. 293 N.W.2d at 2.

III. As we noted at the outset, plaintiff contends exhaustion of administrative remedies is not absolute and should not be required here. The decisions plaintiff cites for support, however, involve issues under the Iowa Administrative Procedure Act

(IAPA). *See, e.g., City of Des Moines v. Des Moines Police Bargaining Unit Association,* 360 N.W.2d 729 (Iowa 1985); *Salsbury Laboratories,* 276 N.W.2d 830. We have never found that such exceptions exist under chapter 25A.[6]

■ Moreover, any exceptions to the requirement of exhaustion of remedies under the IAPA have been narrow. *See Salsbury Laboratories,* 276 N.W.2d at 836–37. In *Salsbury Laboratories,* we recognized that a plaintiff may sue without exhausting administrative remedies under the IAPA if he or she would suffer irreparable harm through administrative litigation delay. *Id.* at 837. Although plaintiff argues he comes within the above exception, his argument is without merit. First, assuming such an exception exists in this situation, it would not apply to plaintiff. The harm plaintiff complains of does not arise from administrative litigation delay. Section 25A.5 permits a claimant to withdraw his or her claim after six months, and thereby effectively limits any potential delay. The exception is not intended to shelter a plaintiff from applicable new law by excusing exhaustion. Second, we have never found such an exception to the exhaustion requirement when a waiver of sovereign immunity is involved. Nor have the federal courts found such an exception. Thus, *Salsbury Laboratories* is inapplicable here.

Plaintiff also relies on *Beins v. United States,* 695 F.2d 591 (D.C.Cir.1982), in support of his argument that exhaustion should not be required. As the State points out, however, *Beins* did not hold that exhaustion of administrative review under the FTCA is not required. Rather the *Beins* court held only that a plaintiff who complied with the claims procedure under the FTCA did not have to pass "another exhaustion prerequisite" by pursuing administrative remedies under the Federal Administrative Procedure Act before initiating suit under the FTCA. 695 F.2d at 598–600.

---

**6.** We already have noted the statutory distinction between IAPA section 17A.19(1), entitling a party "who has exhausted all *adequate* administrative remedies" (emphasis added) to seek judicial review of "final agency action," and ITCA

section 25A.5, which rigidly prohibits suit in district court unless the state appeal board has made final disposition or has not acted within six months.

Finally, plaintiff asks us to hold this matter in abeyance pending the determination of his claim by the state appeal board.[7] The general rule is that in order to have jurisdiction over an action, it must exist when suit was filed. Once it is determined jurisdiction was lacking at that time, the suit must be dismissed. *See Lloyd,* 251 N.W.2d at 558. Nor can the court retain jurisdiction while plaintiff exhausts his remedies. If jurisdiction never existed it cannot be retained. *GAF Corp.,* 593 F.Supp. at 706; *see Reynolds,* 748 F.2d at 292.

IV. Our affirmance of the district court dismissal of plaintiff's suit is not to be interpreted as indicating any view of the viability of an action plaintiff might file following his compliance with ITCA section 25A.5. The question whether his cause of action might be salvaged by operation of ITCA section 25A.13, Iowa Code section 4.13 (general savings provision), or other statutes or case law is not now before us:

> We affirm the district court's dismissal of all claims of the complaint for lack of subject matter jurisdiction. ... [T]he administrative claims procedures, specified in that Act, have not been exhausted in this case. ...
>
> We do not hold that Johns-Manville can never recover anything; we express no views as to that. Whatever right Johns-Manville may have against the United States, we hold: not yet.

*Johns-Manville Sales Corp.,* 690 F.2d at 722.

We affirm the ruling of the district court.

AFFIRMED.

All justices concur except LARSON, J., who concurs in the result.

---

7. Plaintiff cites *Charles Gabus Ford, Inc. v. Iowa State Highway Comm'n,* 224 N.W.2d 639 (Iowa 1974), to support his argument for retaining jurisdiction. Although that court stated in discussion that it would "defer judgment" on the plaintiffs' claim until they exhausted administrative remedies under chapter 25A, the issue of subject matter jurisdiction was never raised or discussed. *Id.* at 648. Moreover, the court in making its final ruling did not specify that it was retaining jurisdiction. Finally, as the district court in the present case pointed out, the cases since *Charles Gabus Ford* have indicated the exhaustion of remedies under chapter 25A constitutes a prerequisite to the court's jurisdiction. *See, e.g., Jontz,* 293 N.W.2d at 2. *Lloyd* made clear that when a court is without jurisdiction, it must dismiss. 251 N.W.2d at 558.