**BUILDERS TRANSPORT, INC., Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 86–1357.

Supreme Court of Iowa.

April 13, 1988.

Deborah Tharnish Craig, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Craig Kelinson, Sp. Asst. Atty. Gen., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

LARSON, Presiding Justice.

Builders Transport, Inc., a trucking company based in Alabama, was insured by Carriers Insurance Company of Des Moines. Carriers ran into financial difficulty, and in November 1985, it was placed into "rehabilitation," a period of supervision by the Iowa insurance commissioner. In January 1986, Carriers was ordered liquidated.

In June 1986, Builders sued the State of Iowa under Iowa Code chapter 25A (1985) for losses it claims were caused by the insurance commissioner's negligent supervision of Carriers during the period of its rehabilitation. On the same day the suit was filed, Builders also filed a claim with the State Appeal Board.

The district court sustained a special appearance by the State on the ground that Builders had failed to comply with Iowa Code section 25A.5, which provides that no suit may be filed against the state until either the appeal board has disposed of the claim or six months have passed since its filing. The court concluded that, because Builders had therefore failed to meet a prerequisite to suing in district court, the court lacked jurisdiction to consider the claim. We affirm.

This appeal is an outgrowth of an amendment to the Tort Claims Act, Iowa Code ch. 25A, which abolished suits against the state based on negligent supervision. The statute as now amended provides that the Tort Claims Act

> shall not apply with respect to any claim against the state, to:
>
> . . . .
>
> 11. Any claim for financial loss based upon an act or omission in financial regulation, including but not limited to examinations, inspections, audits, or other financial oversight responsibilities, pursuant to Titles XIX through XXIII.
>
> Subsection 11 applies to all *cases* filed on or after July 1, 1986, and does not expand any existing cause of action or create any new cause of action against the state.

Iowa Code § 25A.14(11) (1985) (emphasis added). The effect of this amendment, which was not signed by the governor until May 22, 1986, was to allow a very short window of time within which a case based on negligent supervision could be filed. This created a problem for potential plaintiffs, such as Builders, because of the impact of Iowa Code section 25A.5. That section provides:

No suit shall be permitted under this chapter unless the state appeal board has made final disposition of the claim; except that if the state appeal board does not make final disposition of a claim within six months after the claim is made in writing to the state appeal board, the claimant may, by notice in writing, withdraw the claim from consideration of the state appeal board and begin suit under this chapter. Disposition of or offer to settle any claim made under this chapter shall not be competent evidence of liability or amount of damages in any suit under this chapter.

In its appeal, Builders argues first that "cases" under section 25A.14(11) should be interpreted to include claims filed with the appeal board, so that any claim filed with the board before July 1, 1986, would still be viable. Builders' second argument is that, if section 25A.14(11) is not interpreted in such a way that it will have a reasonable time to file its suit, it will be deprived of property without due process of law.

I. *Construction of Section 25A.14(11).*

Builders concedes that, in light of the requirements of section 25A.5, its suit against the State was premature. It argues, however, that it had no choice; the imminent cutoff of such suits made it impossible for it to wait for disposition of the appeal board proceedings. To avoid this predicament, and the possible due process problems it would create, Builders urges us to interpret section 25A.14(11) to allow suits against the State to be brought after July 1, 1986, if a claim had been filed with the appeal board before that date. In other words, we are asked to consider the filing of a claim with the appeal board to be the equivalent of the filing of a "case" for purposes of the July 1 cutoff provision of section 25A.14(11).

In *Feltes v. State*, 385 N.W.2d 544 (Iowa 1986), a similar argument was raised and rejected. In that case, the plaintiff filed a claim with the State Appeal Board based on the State's failure to remove ice and snow from the highway. Without waiting for disposition of the claim by the board, the plaintiff immediately filed a petition in district court. Feltes claimed that filing of his suit before disposition of the administrative claim was necessary in order for him to avoid the effect of an imminent statutory amendment restricting claims against the state based on failure to remove ice from the highway. Feltes, like Builders in the present case, argued that some flexibility in the requirements of section 25A.5 must be recognized under the circumstances. We held that the district court had no jurisdiction because of the plaintiff's failure to comply with section 25A.5, despite the practical problems caused by the timing of the statutory amendment. *Feltes*, 385 N.W.2d at 547–48.

We believe the language of 25A.14(11) is clear: A claim filed with the appeal board is not the equivalent of a "case" under that section. For the same reasons we enunciated in *Feltes*, we conclude that the district court lacked jurisdiction to proceed with the claim against the State. This brings us to the due process issue.

II. *The Due Process Argument.*

Builders argues that, unless sections 25A.5 and 25A.14(11) are interpreted in such a way that it will be allowed a reasonable time after the amendment to file a suit, it will be deprived of its constitutional rights to due process. In support of its argument, it cites *Brewer v. Iowa District Court*, 395 N.W.2d 841 (Iowa 1986). *Brewer* involved an amendment to Iowa Code section 663A.3 (1983), the postconviction chapter, which became effective in 1984. Prior to the amendment, there was no time limit on the filing of postconviction applications. The amendment, however, changed that by providing that

[a]n application [for postconviction relief] must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date

the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

1984 Iowa Acts ch. 1193, § 1. We held in *Brewer* that the legislature could constitutionally shorten the times for postconviction actions only if potential applicants had a reasonable time after the effective date of the amendment to file their applications. *Brewer*, 395 N.W.2d at 843–44. Builders argues that it had an accrued cause of action against the State, under the rationale of *Adam v. State*, 380 N.W.2d 716 (Iowa 1986) (negligent elevator inspection by state), and, like Brewer, it must be given a reasonable time to file its suit.

There is a fundamental problem with this argument, however, which stems from the unique nature of state tort claims. It has consistently been held that in those cases immunity is still the rule, and suits may be maintained only to the extent that immunity has been expressly waived by the legislature. *See, e.g., Feltes*, 385 N.W.2d at 546–47, and cases cited.

The nub of the due process issue in this case is whether the State's consent to be sued for negligent supervision creates a right in a potential plaintiff that may not be withdrawn without providing a reasonable opportunity to file suit. The State claims no such right is created and therefore there is no merit in Builders' due process argument.[1]

■ The United States Constitution itself creates no property rights; what is "property" for due process purposes is essentially determined from other sources, including state law. *See Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 161, 101 S.Ct. 446, 450–51, 66 L.Ed.2d 358, 364 (1980); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972); L. Tribe, *Ameri-*

*can Constitutional Law* § 9–7, at 610 (1988).

■ We have noted that, because our tort claims act is modeled after the federal act, we will give considerable weight to federal decisions. *See Feltes*, 385 N.W.2d at 547; *Adam v. Mt. Pleasant Bank*, 340 N.W.2d 251, 252 (Iowa 1983). We note a consensus in the federal cases that the right to sue the government is not a property right subject to due process protection. The United States Supreme Court, for example, has stated that:

> Although consent to sue was thus given when the policy issued, Congress retained power to withdraw the consent at any time. For consent to sue the United States is a privilege accorded; not the grant of a property right protected by the fifth amendment.

*Lynch v. United States*, 292 U.S. 571, 581, 54 S.Ct. 840, 844, 78 L.Ed. 1434, 1442 (1933). *See also Maricopa County v. Valley Nat'l Bank*, 318 U.S. 357, 362, 63 S.Ct. 587, 589, 87 L.Ed. 834, 838 (1943) (The grant is a "privilege being only a declaration of legislative policy changeable at will ... the withdrawal of this privilege invade[s] no rights protected by the fifth amendment."); *Gold Bondholders Protective Council, Inc. v. United States*, 676 F.2d 643, 646, 230 Ct.Cl. 307 (1982) (government may withdraw its consent to be sued at any time); *Laycock v. United States*, 230 F.2d 848, 850 (9th Cir.1956) (power to withdraw the privilege knows no limitations).

■ For the reasons discussed, we reject Builders' argument that section 25A.14(11) amounts to an unconstitutional deprivation of property. As we have observed,

> it seems inevitable that a number of litigants will be adversely affected by any change of law. This is a matter which

---

1. The State also contends that Builders would have no viable tort claim against the state in any event, because the state's supervision of Carriers fell within the "discretionary function" exception found in Iowa Code § 25A.14(1). *See Nord-*

brock v. State, 395 N.W.2d 872, 875 (Iowa 1986) (state's supervision of bank as discretionary function). Because we affirm the district court for other reasons, we do not address this alternative argument.

weighs heavily in the consideration of any change. The legislative body or the court which undertakes a change must exercise its best judgment about which point in time would result in the most justice for the most persons.

*Beeler v. Van Cannon,* 376 N.W.2d 628, 630–31 (Iowa 1985).

We find no error in the dismissal of the plaintiff's petition and accordingly affirm.

AFFIRMED.