**John STANISLAUS, Plaintiff,**

**v.**

**Nancy Harvey STEORTS, Defendant.**

**No. 81 C 2627.**

United States District Court,
N. D. Illinois, E. D.

Dec. 10, 1981.

Gerald A. Goldman, Chicago, Ill., for plaintiff.

---

Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Stanislaus ("Stanislaus") has filed a Title VII complaint under 42 U.S.C. § 2000e–16 against the federal government (Nancy Steorts is the named defendant in her capacity as Chairman of the Consumer Product Safety Commission, "CPSC") charging discrimination on grounds of national origin (Stanislaus is of Indian descent). In response the government has moved alternatively for dismissal or summary judgment. For the reasons stated in this memorandum opinion and order the government's summary judgment motion is granted.[1]

### Facts

Stanislaus, a chemist, applied for government employment in July 1978 for "any suitable job," leaving open his requested pay and grade level. Announcement 424, under which engineers, physical scientists and mathematicians register with the government for hiring by federal agencies, has established lists of such scientists eligible for GS–5 through GS–13 jobs in the CPSC Chicago Regional Area, comprising six states including Illinois.

Because of the death of one of its chemists July 24, 1978, CPSC's Chicago Regional Office (the "Office") began recruiting actively for an analytical chemist. It requested a list of eligible candidates at the GS–5 level from the Civil Service Commission (the "Commission"). Round one of the search produced no result, because four of the five persons on the Commission's initial list declined the offer and the other failed to respond.

In August 1978 a second certification was requested. Six names came back, including Stanislaus' (apparently his name had not reached the central listing at the time of the Office's unsuccessful original request).

Only Stanislaus answered the inquiry. After his interview with the laboratory director (coincidentally also a native-born Indian) Stanislaus was hired and began work October 23, 1978.

Some six months later, at Stanislaus' request, the Office of Personnel Management ("OPM") certified him as eligible for a GS–11 chemist position (that certification would enable Stanislaus to qualify for federal agency job openings at that level, if any were to develop). One such job possibility arose with the Department of Energy ("DOE") but no one was hired for that spot. Then on August 1, 1979 a DOE job opening appeared at the GS–7 level and DOE inquired as to Stanislaus' availability. Stanislaus declined, writing DOE (emphasis added):

I am already offered GS–7 where I am. I am well qualified for GS–9, 11 and 12. I will accept your offer at least at GS–9 level. *I did not know when I first got job, that I could have demanded the level I deserved; I always thought one should always begin at entry level no matter what ones qualifications were.* Please consider for GS–9 level at least.

In October 1979 Stanislaus sought OPM review of his job classification, represented by the same experienced counsel who has filed this action on Stanislaus' behalf. In February 1980 OPM determined that Stanislaus' present position was properly classified GS–7 (Stanislaus having been promoted to that level in the ordinary course, without reference to any claims or disputes on his part). Stanislaus appealed the OPM decision administratively. One of the questions asked on that appeal was (emphasis added):

If you believe you were discriminated against by the agency because of either your race, color, religion, sex, *national origin*, marital status, political affiliation, handicapping condition, or age, indicate so and explain why you believe it to be true.

Stanislaus' counsel stated in response:

Not applicable to this case.

---

1. Because factual matters outside the Complaint have been adduced, no dismissal under Fed.R.Civ.P. ("Rule") 12(b)(6) would be appropriate.

Some few days before August 12, 1980 Stanislaus communicated with the Office's Equal Employment Opportunity Counselor John Vece to complain about discrimination in his 1978 hiring. On September 15, 1980 Stanislaus filed a formal complaint of discrimination based on national origin. That complaint claimed Stanislaus was hired at the GS–5 level though more highly qualified. It went on:

I did not have sophisticated knowledge of the hiring practices of the Federal government and after being hired at the GS–5 level, I found that I was unfairly trapped in this position and could not progress for several years to the proper level for which I should have been originally hired. This hiring policy shows discrimination against me because of my national origin and the attitudes of the hiring and supervisory officials that those citizens born in this country be selected for the higher classifications.

Stanislaus asked for a GS–11 position and retroactive salary increments to his 1978 hiring date.

CPSC's EEO Director rejected the complaint as untimely in light of the 30-day jurisdictional requirement for filing administrative complaints.[2] Stanislaus appealed to the EEO Office of Review and Appeals and, no action having been taken within 180 days, then brought this action as permitted by 42 U.S.C. § 2000e–16(c).

*Lack of Timeliness*

Title VII actions involve several jurisdictional time limitations, the first of which as to a government employee requires a discrimination charge to be made with the agency within 30 days of "the matter causing him to believe he had been discriminated against." 29 CFR § 1613.214(a)(1)(i). If that precondition (*Brown v. GSA*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976)) has not been satisfied, the employee's federal court complaint must be dismissed. *See e.g., De Medina v. Reinhardt*, 444 F.Supp. 573, 576 (D.D.C.1978); *McKenzie v. Calloway*, 456 F.Supp. 590, 605–06 (E.D.Mich.1978), *aff'd* 625 F.2d 754 (6th Cir. 1980).

Stanislaus waited almost two years after the claimed discriminatory hiring. That has to be fatal to his case. His efforts to convert the asserted discriminatory hiring into continuing discrimination must be unavailing. *Cf. Heymann v. Tetra Plastics Corp.*, 640 F.2d 115, 120 (8th Cir. 1981) ("initial job assignment, like a hiring decision, in no respect constitutes a continuing violation"). Nor do any *facts* advanced by Stanislaus[3] support the proposition that the failure to reclassify his position was based on his national origin (his own April 20, 1980 filing of the OPM appeal said no such national origin discrimination was involved). There have been no subsequent hirings or promotions by the Office of chemists above Stanislaus' grade, so that no basis for asserting continuing violations has been demonstrated. *Cf. Moore v. Sunbeam Corp.*, 459 F.2d 811, 828 (7th Cir. 1972).

Stanislaus argues that he is entitled to avoid the impact of the 30-day rule because of the provision for its extension under 29 CFR § 1613.214(a)(4):

when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits....

Stanislaus' affidavit in response to the government's summary judgment motion does not even address this issue, so that summary judgment could be granted for Stanislaus' failure to make the requisite showing. But even apart from that Stanislaus will not be heard to assert that excuse where he was represented by counsel experienced in Title VII matters since October *1979*, almost a year before Stanislaus com-

---

2. Rejection was also based on Stanislaus' prior filing with OPM of the statement that discrimination was not applicable to complaints about his position.

3. Stanislaus may not of course overcome a motion for summary judgment simply by assertions in his administrative complaint or the Complaint in this action. Rule 56(e).

plained to the EEO Counselor.[4] *See Arrington v. Bailar*, 481 F.Supp. 50, 53 (S.D. Tex.1979); *McKenzie*, 456 F.Supp. at 605.

### Absence of Discrimination

■ Even were Stanislaus able to overcome the jurisdictional timeliness problem, he has not countered the government's assertion that his claim of discrimination is inadequate as a matter of law. Its position in that respect is entirely sound and serves as an independent basis for summary judgment in its favor. This Court will not repeat, but will simply adopt, the persuasive analysis at G.Mem. 9–13. But it should be noted that the uncontroverted facts show that the job rating for the position was established as GS–5 *before* Stanislaus ever appeared on the scene at all. *Whoever* would have been hired for the job would have been hired at the GS–5 level. Only Stanislaus wanted the job, and he took it. As G.Mem. 13 states:

> It is clear that the system of hiring a federal employee is geared to eliminating discrimination with respect to the particular grade level. The agency has no knowledge of who is available or qualified when it determines a grade level suitable to its needs. In the present case, plaintiff was hired by CPSC at a GS–5 level based on his being eligible and certified by the Civil Service Commission. Plaintiff's eyes were open in the Fall of 1978, to the fact of his eligibility for higher grades and the rather low salary attached to a GS–5. Further, he admitted that he felt an entry level position was appropriate. Plaintiff should not now be allowed to transform his own actions into a discrimination charge against the federal agency which hired him.

Stanislaus' contention of national origin (or any other) discrimination is frankly absurd.

### Conclusion

There is no genuine dispute as to any material fact and the government is entitled to a judgment as a matter of law. This action is dismissed with prejudice.

---

4. Stanislaus was plainly aware of his purported claim at that time, for he had written DOE in August 1979 about his claimed ignorance at the time of hiring—in much the same language as his complaint more than a year later.