Christiano **NEVES**

v.

Casimir **KOLASKI**, Samuel Pierce.

Civ. A. No. 82–0593 P.

United States District Court,
D. Rhode Island.

Jan. 30, 1985.

Paul C. Borges, Providence, R.I., for plaintiff.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., Patricia Cook Profit, U.S. Dept. of Housing & Urban Development, for defendants.

## OPINION AND ORDER

PETTINE, Senior District Judge.

The present action was brought by an employee of the Providence Office of the United States Department of Housing and Urban Development (HUD), alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, the United States Constitution, and Executive Order 11478. The plaintiff, Christiano Neves, filed suit in this Court on September 15, 1982. He named as defendants the Supervisor of the Providence Office of HUD, Casimir Kolaski, and the Secretary of HUD, Samuel Pierce. His complaint alleges six specific acts of employment discrimination. It asserts that: 1) his civil rights were violated when he was denied a quality step increase in 1979 notwithstanding the fact that he possessed all of the requirements (Count I, Complaint); 2) defendant Kolaski failed to comply with affirmative action requirements when he did not promote the plaintiff, a minority, who was duly qualified for a promotion (Count II, Complaint); 3) the plaintiff was discriminated against when he was not found "highly qualified" after he had applied for a position of Deputy Supervisor for Management (Count III, Complaint); 4) two highly complimentary letters were not placed in his personnel file (Count IV, Complaint); 5) the critical elements of the HUD Employee Performance Planning and Annual Performance Evaluation (EPPES) were discriminatory (Count V, Complaint); and 6) the plaintiff was discriminated against when a GS–12 classified individual was given a position as an acting supervisor (Count VI, Complaint).

The federal defendants in this action move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the portions of the plaintiff's com-

plaint which allege violations of the United States Constitution and of Executive Order 11478 against the Secretary on the grounds that Title VII is the exclusive remedy available to the plaintiff. They further seek dismissal of the complaint against the Supervisor of the Providence Office of HUD on the ground that he is not a proper defendant in a Title VII action. Finally, the defendants request dismissal under Fed.R.Civ.P. 12(b)(1) of Counts I through VI of the plaintiff's complaint on the theory that the plaintiff's failure to file a timely complaint of discrimination with the appropriate federal agency deprives this Court of subject matter jurisdiction over the suit. In the alternative, the government seeks summary judgment against the plaintiff, pursuant to Fed.R.Civ.P. 56, on the ground that the plaintiff has failed to allege a continuing violation of Title VII that would effectively suspend the time limitations for the filing of an administrative complaint.

*I Background of the Case*

On May 6, 1982, the plaintiff sent a letter complaining of employment discrimination by HUD to the Equal Employment Opportunity [EEO] Counselor of the Providence Service Office. The complaint identified several incidents of alleged discrimination which are the basis of Counts I through V of the instant action. In addition, Neves complained of two additional discriminatory acts which are not asserted in this action.[1] With regard to the allegations which are the subject of this litigation, the plaintiff has conceded that he was aware of these alleged discriminatory acts for some time before he discussed them with the EEO Counselor. Specifically, Neves knew on February 9, 1981 that his nomination for a Quality Step Increase had been returned; he was aware before October 7, 1979 that he had not been selected to the Best Qualified List for the position of Deputy Supervisor for Management for the Providence Office; and he first believed on or about

August 11, 1980, that his supervisor had suppressed certain complimentary letters. The plaintiff has further conceded that the EPPES format of which he complained has not been used to evaluate his performance since September 30, 1980.

On June 3, 1981, Neves filed a formal complaint of discrimination with the Secretary of HUD. In addition to the allegations of his May 6 letter, Neves asserted the alleged discriminatory incident which is the basis of Count VI of his district court complaint. HUD's Assistant Secretary for Fair Housing and Equal Opportunity issued a final agency decision regarding Neves' complaint on September 30, 1981. The agency rejected the allegations represented in Counts I through V of the district court complaint as having been untimely brought to the attention of an EEO Counselor. It also rejected the charge forming Count VI of the complaint due to Neves' failure to discuss the incident with an EEO Counselor at any time. The two allegations which Neves is not pursuing in the instant suit were accepted by the agency for further processing.

Neves appealed the agency decision to the Equal Employment Opportunity Commission on October 25, 1981. In August of 1982, the EEOC reversed the agency's decision to reject the allegations contained in Counts I through V as untimely. It reasoned that because the agency had accepted for processing two recent charges of discrimination, the other untimely filed charges should be considered part of a pattern of continuing discrimination, and thus be accepted for processing as well. On June 21, 1984, the EEOC reversed the August 1982 decision and found that the four allegations in Neves' administrative complaint were properly rejected by the agency as "independent and discrete acts which should have been discussed with the EEO Counselor within 30 days of their occurrence." Those allegations are con-

---

**1.** The two additional incidents alleged by Neves in his letter to the EEO Counselor were: 1) On April 27, 1981, Neves was forced to promote Mae Wright or receive an unsatisfactory per- formance rating; and 2) on May 4, 1981, plaintiff's position in Loan Management in the Providence Service Office was downgraded to a position of a Housing Management Assistant.

tained in Counts I through V of the instant complaint.

## II. Motion To Dismiss Claims Based on the Constitution and Executive Order 11478

■ As an initial matter, the federal defendants seek dismissal of the claims against the Secretary which are based on the Constitution and Executive Order 11478. In support of their plea, they assert that Title VII of the Civil Rights Act of 1964 is the exclusive remedy available to a federal employee to redress alleged employment discrimination. The United States Supreme Court disposed of the very issue defendants raise in the case of *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). I find that the holding of that opinion is wholly applicable to the case before me.

In *Brown,* the Court held that Section 717 of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 provides the exclusive judicial remedy for claims of discrimination in federal employment. *Id.* at 833, 96 S.Ct. at 1968. The Act allocates, "a careful blend of administrative and judicial enforcement powers." Its "balance, completeness and structural integrity" indicate that Congress intended it to serve as the sole remedy for discrimination against federal employees. *Id.* at 834, 96 S.Ct. at 1968. The plaintiff may not, therefore, circumvent the remedial scheme of Title VII through pleading a separate cause of action under the Constitution or Executive Order 11478. *See id.*

## III. Defendant's Motion to Dismiss Plaintiff's Complaint and Alternative Motion for Summary Judgment [2]

The federal defendants argue that the plaintiff's action should be dismissed on the

ground that he failed to meet the EEOC's requirements for the timely filing of a discrimination complaint as set forth in their administrative regulations, at 29 C.F.R. § 1613 *et seq.* They assert that such an omission deprives this Court of subject matter jurisdiction over the plaintiff's suit. In the alternative, defendants request summary judgment on the theory that Neves' suit is time barred under the pertinent administrative filing requirements. Before passing on the merits of these claims, I shall briefly examine the relevant statutory and regulatory provisions.

### A. Applicable Law

Section 2000e–16 of the Civil Rights Act of 1964 protects employees of the federal government or applicants for employment from discrimination on the basis of race, color, religion, sex, or national origin. *Id.* at § 2000e–16(a). The statutory scheme contemplates a process whereby employees may lodge initial complaints of discrimination with the employing agency. After a final agency decision is rendered, the complainant may appeal the decision to the Equal Employment Opportunity Commission. Any person aggrieved by a final agency action, or by a decision on appeal to the EEOC, may file a civil action in district court within thirty days of that decision. *Id.* § 2000e–16(c). Title VII vests the EEOC with the responsibility to promulgate regulations implementing and enforcing these provisions. *Id.* § 2000e–16(b).

■ Because the provisions fashion a detailed anti-discrimination enforcement system involving both the administrative and judicial branches of our government, potential plaintiffs have stringently been required to comply with Title VII's procedural mechanisms. Thus a federal employee must exhaust his administrative remedies as well as meet requirements for a timely filing of administrative complaints before

---

**2.** Also as an initial matter, the federal defendants have sought dismissal of the claims against Casimir Kolaski, the Superintendent of the Providence Office of HUD. They argue that the proper party defendant in a Title VII action is exclusively the agency head. Because of my disposition of this case on defendants' summary judgment motion, I find it unnecessary to rule on this point of law.

he may institute a discrimination action in federal court. *Brown, supra,* 425 U.S. at 833, 96 S.Ct. at 1968. Specifically, the employee, once he becomes aware of the allegedly offensive act, must file a complaint with employing agency. *Id. See e.g., Porter v. Adams,* 639 F.2d 273 (5th Cir.1981). The EEOC's regulations provide that the agency may accept such a complaint for processing only if the complainant has brought the alleged violations to the attention of an EEO Counsellor within thirty calendar days of the time he first had reason to know of the alleged violation. 29 C.F.R. § 1613.241(a)(i) and (ii).[3] The regulations further require the agency to extend the thirty day limit when:

> the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or ... for any other reason considered sufficient by the agency. 29 C.F.R. § 1613.214(a)(4).

#### B. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The defendants vigorously argue that the plaintiff failed to discuss HUD's alleged discriminatory Acts with an EEO Counselor within thirty days as required by the EEOC regulations. They urge that the timely filing requirements of Title VII are jurisdictional and thus if plaintiff has indeed neglected to satisfy those requirements, this Court is without authority to entertain this suit. If I adopt defendants' legal position, equitable considerations such as waiver and estoppel will be ineffective to excuse the plaintiff's non-compliance.

The Supreme Court of the United States has recently analyzed the nature of Title VII's timely filing requirements. In *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Court held that in a Title VII discrimination suit, the statutory provision that the complainant must file a timely charge with the EEOC is not a jurisdictional prerequisite to filing a district court action. Instead, the requirement should be treated as a statute of limitations that is subject to waiver, estoppel, and equitable tolling. *Id.* at 394, 102 S.Ct. at 1133. Although the defendants correctly point out that the facts of *Zipes* are distinguishable from the case at bar insofar as *Zipes* was an action against a private, rather than a federal employer, I hold that such a distinction is inadequate to insulate this case from the Supreme Court's ruling.

First, I believe it is notable that the Supreme Court did not limit its holding in *Zipes* to Title VII actions against private sector employers. *See id.* at 385, 102 S.Ct. at 1127. More significantly, however, the Court's analysis, I believe, mandates the extension of the holding to § 717 actions. In *Zipes,* the plaintiff had sued in federal court under Title VII's private anti-discrimination provisions, 42 U.S.C. § 2000e–5 *et seq.* The Court examined the structure and policy of Title VII to conclude that the one hundred eighty day filing limitation applicable to such suits was not jurisdictional.[4] *Zipes,* 455 U.S. at 394, 102 S.Ct. at 1133. In reaching its decision, the Court particu-

---

**3.** 29 C.F.R. § 1613.214(a)(1) and (i) reads in full:

> (a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with the subpart only if:
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; and
> (ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor.

**4.** 42 U.S.C. § 2000e–5(e) specifically provides that any charge of discrimination against a private employer must be filed within one hundred eighty days after the alleged unlawful employment practice.

larly stressed the structure and language within the statutory scheme. It noted that:

> The provision granting the district courts jurisdiction under Title VII ... does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the timely filing requirement. The provision specifying the time for filing charges with the EEOC appears in an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.

*Id.* at 393–94, 102 S.Ct. at 1132–33 (footnotes omitted).[5]

I believe this reasoning is applicable to the provisions of Title VII, as added by the 1972 amendments, which prohibit discrimi-

nation by federal employers. This statutory scheme, like its private counterpart analyzed in *Zipes*, imposes timely filing requirements on Title VII plaintiffs. Similarly, these requirements do not "refer in any way to the jurisdiction of the district courts."[6] In addition, 42 U.S.C. § 2000e–16(d) specifically incorporates by reference the jurisdictional provisions of the private sector law. It seems illogical indeed to argue that a single statutory provision confers on federal courts a lesser or greater degree of jurisdiction over Title VII suits depending on whether it is brought against a private or federal employer. *See Clark v. Chasen*, 619 F.2d 1330, 1334 (9th Cir. 1980) (there are no more jurisdictional prerequisites for federal employees than for private sector employees). *See also Saltz*

---

5. The provision requiring a timely filing reads as follows:

> (e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e–5(e).
The provision conferring jurisdiction on the United States Courts reads as follows:

> (3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for

the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

6. The timely filing requirements delineated by § 717, however, provide only for the filing time of a district court action. 42 U.S.C. § 2000e–16(c) reads:

> (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this action, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant.

*v. Lehman,* 672 F.2d 207, 208 (D.C.Cir. 1982); *Milam v. United States Postal Service,* 674 F.2d 860 (11th Cir.1982) (both applying *Zipes* to § 717 filing requirements).

In support of its argument that *Zipes* is inapplicable to the federal employment context, the defendants cite authority from other Circuits holding the filing requirements of § 717 to be jurisdictional prerequisites. *See e.g., Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984) (arguing that the waiver of sovereign immunity must be strictly construed). To the extent that any of those cases are inconsistent with my holding, I reject their reasoning. I should note, however, that with the exception of *Sims, supra,* the decisions cited by the defendants were rendered prior to *Zipes,* and thus without the benefit of its analysis. *See e.g., Stockton v. Harris,* 434 F.Supp. 276 (D.D.C.1977); *DeMedina v. Reinhardt,* 444 F.Supp. 573 (D.D.C.1978); *Stanislaus v. Steorts,* 530 F.Supp. 72 (D.Ill.1981).

Finally, even if I were to accept the defendants' contention that the timely filing requirements of § 717 are in fact jurisdictional, such a finding would be of no avail to the defendants. The defendants do not argue that plaintiff has breached the statutory requirements for filing a timely administrative complaint; rather, they contend that the plaintiff failed to comply with the EEOC regulation mandating that a complainant discuss an alleged act of discrimination with an EEO counselor within thirty days of its occurrence. *See* Defendants' Memorandum of Law in Support of its Motion to Dismiss, p. 10–11.

Although it is true that in some instances an administrative rule may be deemed to have the "force and effect of law," *see Chrysler Corp. v. Brown,* 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60 L.Ed.2d 208 (1979), this principle refers to binding force of substantive agency regulations promulgated pursuant to proper congressional delegation of authority. *See id.* Certainly, this proposition may not be so loosely construed as to suggest that an administrative body may hone the subject matter jurisdiction of federal courts. While Congress may delegate certain legislative functions to agencies, it is dubious that it may constitutionally authorize the administrative usurpation of one of its exclusive and explicitly enumerated functions—to shape the jurisdiction of the lower federal courts. And even if Congress could delegate such authority, it decidedly has not done so in this instance. The Congressional grant of authority to the EEOC directs it to enforce and implement the provisions of Title VII, not to refine the jurisdiction of the district courts. 42 U.S.C. § 2000e–16(b).

Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) is denied.

### IV. Motion for Summary Judgment

Having denied defendants' motion to dismiss, I must now pass on their motion for summary judgment based on plaintiff's failure to meet the timeliness requirements of 29 C.F.R. § 1613.214. It seems clear from both the plaintiff's complaint and his admissions that the plaintiff did not bring the particular incidents pleaded in this action to the attention of an EEO Counselor within thirty days of their occurrence. The issue I must now decide, therefore, is whether extraneous considerations, either legal or equitable, permit this Court to extend the thirty day filing requirement and entertain the plaintiff's claim. The plaintiff offers two specific theories in opposition to the defendants' summary judgment motion. First, he contends that he falls within the exception to the thirty day filing requirement as set forth in 29 C.F.R. § 1613.214(a)(4). Second, he asserts that the discriminatory acts complained of are part of a pattern and practice of "continuing discrimination" by HUD, which would toll the limitations period. Below, I shall address each of the arguments in turn.

#### 1. Administrative Exception to the EEOC Filing Requirement

Section 1613.214(a)(4) of 29 C.F.R. creates an exception to the rule that an em-

ploying agency may not process a discrimination claim unless it has been brought to the attention of an EEO Counselor within thirty days of its occurrence. It allows an extension of time when the complainant shows the agency that "he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits...." *Id.*

■ The record of this case shows that Mr. Neves' original allegations of discrimination were rejected by HUD for failure to discuss them with an EEO Counselor within the requisite period. Although the plaintiff has intimated that he was unaware of those limitations at the time he lodged his complaint, *see* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, p. 8, he offers no support for this assertion. To the contrary, the exhibits before the Court indicate the plaintiff had been aware of the requirements. Most notably, plaintiff did not request an extension of the filing period on those grounds. In addition, Mr. Neves did offer an excuse for his failure to discuss one allegation of discrimination with the EEO Counselor, but that excuse was wholly unrelated to his ostensible ignorance of the timeliness regulation.[7]

■ This Court likewise cannot accept the plaintiff's excuse for noncompliance as an equitable consideration which would toll the limitations period. Although, as I have already established, Title VII filing requirements are indeed subject to equitable tolling, the plaintiff has the burden of pleading and proving any equitable excuses for his failure to meet the thirty day requirement. *Saltz, supra,* 672 F.2d at 207. Mr. Neves has averred nothing, either by way of affidavit or complaint, to create a genuine issue of material fact on this point. *See Stanislaus, supra,* 530 F.Supp. at 74.

### 2. Continuing Title VII Violation

■ Finally, the plaintiff contends that the incidents alleged in his complaint were part of a continuing course of discriminatory conduct and are consequently not time barred. Citing authority from this circuit, he argues that when unlawful acts are committed pursuant to a continuing course of discriminatory conduct, and at least one of the discriminatory acts is brought to the attention of an EEO counselor within thirty days of occurrence, then each and every act is actionable whether or not it was timely raised. The plaintiff contends that because HUD accepted two of his original complaints as timely, the charges at issue in this lawsuit may be entertained as an integral part of those complaints.

The plaintiff misapprehends the nature of the "continuing violation" doctrine and wrongfully invokes it here. As the United States Court of Appeals for the First Circuit has noted, "if a Title VII ... violation is of a continuing nature, the charge of discrimination filed with the appropriate agency may be timely as to all discriminatory acts encompassed by the violation so long as the charge is filed during the life thereof or within the statutory period ... which commences upon the violation's termination." *Goldman v. Sears,* 607 F.2d 1014, 1018 (1st Cir.1979). Under this theory, even discrete injuries which were not timely complained of may be redressed providing that they are indeed but a part of an ongoing policy of discrimination. *Cf. Acha v. Beame,* 570 F.2d 57, 65 (2d Cir.1978). The United States Supreme Court, in *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), explained the pivotal inquiry in assessing whether a continuing violation has been alleged. "[T]he emphasis should not be on mere continuity; the critical question is whether a present violation exists." *Id.* at 558, 97 S.Ct. at 1889. Based on these criteria, in order to save the allegations in

---

7. As to the allegation which forms Count IV of the district court complaint, the plaintiff asked that his tardiness in discussing the matter with an EEO counselor be excused by the fact that he was waiting for his supervisor to correct the action. HUD rejected this excuse, deeming it not to be a factor beyond Neves' control which prevented him from visiting a counselor.

Counts I through VI of his complaint, the plaintiff must demonstrate two points. First, he must show a present violation of Title VII—that is, a violation for which he has filed a timely complaint. Second, he must demonstrate that the present violation is part of a continuing discriminatory course of conduct, and that those allegedly discriminatory acts which were not timely raised with an EEO Counselor were but a part of the same course of conduct. I must hold that the plaintiff has failed on both counts.

The most pronounced flaw in the plaintiff's argument is the fact that he simply does not allege a present, timely filed act of discrimination in his district court complaint. It is true that HUD accepted for processing two allegations of unfair employment practices which were lodged at the same time as the allegations that are the subject of this suit. For reasons unknown to this Court, however, the plaintiff has excluded these incidents from his pleadings. Since no present violation has been alleged, therefore, it is impossible to find that the acts averred in Counts I through VI are part of a present discriminatory policy.

Finally, even if the plaintiff had raised a present violation in this action, his complaint is totally devoid of allegations from which one could infer continuing discriminatory policy. *See Goldman v. Sears,* 607 F.2d 1014 (1st Cir.1979) (holding that even bare allegations of a continuing violation might be insufficient). He advances no facts in support of a conclusion that the isolated incidents complained of in this action were part of an ongoing practice by HUD to repress his job advancement on account of his national origin. Absent such a showing, federal courts have held that an agency's successive failure to promote an employee state a cause for discrete acts of discrimination rather than a continuing violation. *See e.g., Aikens v. United States Postal Service,* 642 F.2d 514, 516 n. 1 (D.C.Cir.1980).

For the forgoing reasons, the defendants' motion for summary judgment is granted.