Tawana **SEALS, Individually and as Personal Representative of The Estate of Joseph Andrew Seals, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. A–03–CA–602–LY.

United States District Court,
W.D. Texas,
Austin Division.

May 19, 2004.

Scott D. Webre, Ryan Krebs, Ryan Krebs, M.D., J.D., Austin, TX, for Plaintiff.

Daniel M. Castillo, Assistant United States Attorney, Austin, TX, for Defendant.

### *ORDER DENYING DEFENDANT'S MOTION TO DISMISS*

YEAKEL, District Judge.

Before the Court are Defendant's Motion to Dismiss (Clerk's Doc. No. 2) and Plaintiff's response thereto. Having reviewed the motion, response, and applicable law, the Court finds that the motion should be denied.

#### I. *Background*

Tawana Seals ("Seals") brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671– 2680, for the wrongful death of her eight-month-old son Joseph Andrew Seals, which allegedly resulted from the negligence of health-care providers at Darnall Army Community Hospital ("Darnall") near Killeen, Texas. On February 15, 2002, Seals took Joseph, who suffered from sickle cell anemia and recent pneumonia, to the Darnall emergency room. Joseph exhibited an elevated temperature, pulse, and respiratory rate. He was prescribed antibiotics and discharged. Later the same day, Seals brought Joseph back to the Darnall emergency room, where he was pronounced dead.

On February 4, 2003, Seals, individually and as representative of Joseph's estate, submitted an administrative claim based on her son's death to the United States Department of the Army. *See* 28 U.S.C. § 2675. Seals used the Standard Form 95 prescribed by the United States Department of Justice, *see* 28 C.F.R. § 14.2(a), and specified $20,000,000 as the amount of the claim. On February 10, a medical-claims attorney with the Department of the Army sent Seals's counsel a letter acknowledging receipt of the claim and stating:

[A]lthough two individual claimants are named on the Standard Form 95, only one sum certain was received. The SF Form 95 document purports to be a claim of Ms. Tawana Seals and to be a separate claim of the estate of Joseph Andrew Seals, deceased. As noted, the form does not provide evidence of a written sum certain for two separate claims. All claims for money damages against the federal government under the Federal Tort Claims Act must contain a demand for a sum certain. If you desire to file two separate claims, one for the deceased's mother, and one for the deceased's estate, recommend [*sic*] you submit amended claims forms (SF 95's) one signed by Ms. Seals in her

individual capacity with a sum certain and one filed by the representative of the estate with a sum certain.

On March 11, Seals's counsel, as recommended, submitted two separate claim forms—one on behalf of Tawana Seals, individually, and the other on behalf of Tawana Seals, as representative of the estate of Joseph Andrew Seals—each with an asserted value of $20,000,000.[1] On August 28, Seals filed the instant action. The Government moves to dismiss the action, arguing that it was filed prematurely.

■ Under 28 U.S.C. § 2675(a), "[A]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency...." If the agency fails to make a final disposition within six months of receiving the claim, the claimant has the option to consider the claim finally denied for purposes of filing a claim in the district court. *See id.* Exhaustion of this administrative remedy is a jurisdictional prerequisite to suit. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Gregory v. Mitchell,* 634 F.2d 199, 203–204 (5th Cir.1981).

■ The FTCA allows the Attorney General to establish procedures for the settlement of tort claims made against federal agencies:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim

for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred....

28 U.S.C. § 2672. The Attorney General has done so. *See* 28 C.F.R. §§ 14.1–14.11. At issue in this case is 28 C.F.R. § 14.2(c), which states:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and *the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.*

28 C.F.R. § 14.2(c) (emphasis added). Seals's action in this Court was filed more than six months after she filed her initial administrative claim form, but fewer than six months after she filed her amended claim forms.[2] The Government argues

---

1. The March 11 forms allege the same injury as the February 4 form.

2. Seals contends that her March 11 submissions should not be considered "amendments" of her February 4 submission for purposes of 28 C.F.R. § 14.2(c) because the March 11 submissions changed neither the description of the injuries, nor their asserted

value. However, as the Government points out, Seals initially filed *one* claim form asserting a total value of $20,000,000, and then filed *two* claim forms, *each* asserting a value of $20,000,000. Such a change, the Government argues, doubles the asserted value of the injury and constitutes an amendment. The Court agrees with the Government.

that Seals's action in this Court was filed prematurely, and thus that this Court lacks jurisdiction to hear the case, because Seals did not comply with the agency regulations requiring her to wait six months after amending her claims before exercising her option to file suit.[3] Seals argues that section 2675(a) alone establishes the jurisdictional prerequisites to suit; that she complied with the statutory requirements; and thus that she was entitled to file her action in this Court when the agency did not decide her claim within six months of its initial filing.

Courts are divided on the general issue of whether section 2675(a) or section 2672, which allows the Attorney General to promulgate administrative regulations, establishes the jurisdictional prerequisites to filing suit. *See, e.g., Santiago–Ramirez v. Secretary of Dep't of Def.,* 984 F.2d 16 (1st Cir.1993); *GAF Corp. v. United States,* 818 F.2d 901 (D.C.Cir.1987); *Warren v. United States Dep't of the Interior,* 724 F.2d 776 (9th Cir.1984); *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981); *Adams v. United States,* 615 F.2d 284 (5th Cir.1980) (all holding that section 2675(a) alone establishes jurisdictional prerequisites to suit). *But see, e.g., Kanar v. United States,* 118 F.3d 527 (7th Cir.1997); *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977); *Pennsylvania v. National Ass'n of Flood Insurers,* 520 F.2d 11 (3d Cir.1975) (all holding that section 2675(a)'s jurisdictional prerequisites to suit incorporate agency regulations promulgated pursuant to section 2672). Although none of the circuit-level cases examine the particular regulation at issue in this case, the Court will follow the general rule stated by the Fifth Circuit in *Adams*-that the "federal court's power to adjudicate a tort claim

brought against the United States depends *solely* on whether the claimant has previously complied with the minimal requirements of the statute." *Adams,* 615 F.2d at 292 (emphasis added). The Government does not allege that Seals failed to comply with the requirements of section 2675(a). The Government's motion will be denied.

### III. Analysis

■ In *Adams v. United States,* the Fifth Circuit reversed the district court's dismissal of the plaintiffs' action based on the plaintiffs' alleged failure to comply with the agency's requests for information pursuant to 28 C.F.R. § 14.4(b),[4] holding that the statute alone establishes the jurisdictional prerequisites to filing suit. *See Adams,* 615 F.2d at 292 ("Federal court power does not depend on whether a claimant has successfully navigated his or her way through the gauntlet of the administrative settlement process...."). The statute's requirements are satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Id.* at 289.

The Ninth Circuit, following *Adams,* reversed a district court's dismissal of an action based on the plaintiffs' attorney's alleged failure to comply with a regulation requiring evidence of his authority to present a claim on the plaintiffs' behalf. *See Warren,* 724 F.2d at 776. The court held that Congress did not intend for the agency regulations promulgated pursuant to section 2672 to have jurisdictional significance. *See id.* at 778 ("If Congress intended to authorize promulgation of jurisdictional regulations, it would have created that authority directly. Congress has nev-

---

**3.** There is no evidence that the Department of the Army issued a final decision on Seals's claims.

**4.** 28 C.F.R. § 14.4(b) lists certain evidence, including written reports by attending physicians, which "the claimant may be required to submit...."

er delegated such authority under section 2675(a).").

The Seventh Circuit's *Kanar* opinion presents an opposing point of view. *Kanar* holds that noncompliance with the agency regulations may be grounds for dismissal of a suit for failure to exhaust administrative remedies. *See Kanar,* 118 F.3d at 530–31. According to *Kanar,* when presented with a motion to dismiss for failure to comply with agency regulations, the proper inquiry is whether the noncompliance frustrated the administrative-settlement process. *See id.* at 531. In light of applicable Fifth Circuit precedent, this Court declines to adopt *Kanar's* reasoning.[5]

The few cases that have addressed the specific provision at issue in this case, 28 C.F.R. § 14.2(c), provide little additional guidance to the Court. *See GAF Corp. v. United States,* 593 F.Supp. 703, 707 (D.D.C.1984), *rev'd on other grounds,* 818 F.2d 901 (D.C.Cir.1987) (calculating six-month period from initial filing because amended notice did not modify claims in any essential way and claimant alerted government to absence of any change); *Guarnero v. United States,* Civ. No. 89–434–FR, 1989 WL 97906 (D.Or. Aug. 17, 1989) (calculating six-month period from initial filing based on *Warren* and fact that agency attorney advised plaintiff's attorney that amending claim would not affect agency's consideration of claim). *But see Andrade v. Chojnacki,* 65 F.Supp.2d 431, 463–64 (W.D.Tex.1999) (dismissing plaintiffs' claims as prematurely filed based on 28 C.F.R. § 14.2(c), but providing no explanation or authority for decision).

The Government does not allege that Seals failed to meet the *statutory* prerequisites to suit, contending only that Seals's claims were filed prematurely according to the *regulations.* Given *Adams's* holding that the statute alone determines the jurisdictional prerequisites to suit under the FTCA, the Court will deny the Government's motion to dismiss.

Additionally, this Court has grave doubts concerning whether an agency may, by regulation, divest a federal district court of jurisdiction. *See, e.g., Miller v. FCC,* 66 F.3d 1140, 1144 (11th Cir.1995) ("[I]t is axiomatic that Congress has not delegated, and could not delegate, the power to any agency to oust state courts and federal district courts of subject matter jurisdiction . . . ."); *United States v. Mitchell,* 18 F.3d 1355, 1360 n. 7 (7th Cir.1994) (questioning whether Constitution's language "would permit Congress to delegate such a core legislative function as its control over federal court jurisdiction to any agency or commission"); *Neves v. Kolaski,* 602 F.Supp. 645, 652 (D.R.I.1985) ("While Congress may delegate certain legislative functions to agencies, it is dubious that it may constitutionally authorize the administrative usurpation of one of its exclusive and explicitly enumerated functions-to shape the jurisdiction of the lower federal courts.").

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Clerk's Doc. No. 2) is hereby **DENIED.**

---

**5.** The Court notes that *Kanar's* reasoning would most likely lead to the same conclusion reached by the Court in this case.