Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

Nos. 12-2342
     12-2343

DANIEL ROSARIO-GONZÁLEZ, ET AL.,

Plaintiffs, Appellants,

v.

UNITED STATES, ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

Daniel Rosario González and Juan Vélez Padilla, on brief for appellants.
Freddie O. Torres Gomez and Roberto Sueiro Del Valle, on brief for appellee, Clinical Medical Services for VA.
Leila Castro Moya and Rovira-Rodríguez Group Law Offices, on brief for appellee, Servicios de Salud en El Hogar y Hospicio San Lucas, Inc.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Juan Carlos Reyes-Ramos, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee United States, VAMC, San Juan and U.S. Department of Veterans Affairs, Regional Office.

November 8, 2013

**Per Curiam**. Daniel Rosario-González ("Rosario") and Juan Vélez-Padilla ("Vélez") appeal from the district court's judgment in favor of the United States, other federal defendants, and two non-federal medical care providers. See Rosario-González v. United States, 898 F. Supp. 2d 410 (D.P.R. 2012). We vacate the judgment in part and affirm in part as indicated herein.

We review the district court's ultimate legal conclusions on the jurisdictional issues in the case de novo, but its factual findings, insofar as they depend on materials outside the pleadings, for clear error. U.S. ex rel. Ondis v. City of Woonsocket, 587 F.3d 49, 54 (1st Cir. 2009) (citing, inter alia, Valentin v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001) (describing the standards applicable to Fed. R. Civ. P. 12(b)(1) motions to dismiss based on factual challenges to the district court's jurisdiction). We review the court's rulings under Fed. R. Civ. P. 12(b)(6) de novo, Manning v. Boston Medical Center Corp., 725 F.3d 34, 43 (1st Cir. 2013) (citations omitted), and apply the same standard of review to its rulings based on Fed. R. Civ. P. 56(a). Sun Capital Partners III, LP v. N.E. Teamsters & Trucking Indus. Pension Fund, 724 F.3d 129, 138 (1st Cir. 2013) (citation omitted).

Our reasons for affirming in part and vacating and remanding in part are as follows:

1. Appellants raise no objection to the district court's determination that appellant Vélez lacked standing to sue, thereby waiving or forfeiting any claim of error. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 58 (1st Cir. 2013) (claims of error are deemed waived on appeal if no analysis or developed argument is presented). In any event, we find no error. In the rest of our opinion, we refer only to appellant Rosario.

2. We agree that the Veterans' Judicial Review Act ("VJRA") deprived the district court of jurisdiction over any claims by Rosario challenging the July 30, 2008 rating decision by the Department of Veterans Affairs ("DVA"). See 38 U.S.C. §§ 511(a), 7252(a), 7292(c) (final agency decisions regarding benefits for veterans and their dependents or survivors are exclusively reviewable by the Court of Appeals for Veterans Claims, and then, as specified, by the Court of Appeals for the Federal Circuit and the Supreme Court). Nor has Rosario raised any claim of error as to the district court's treatment of his veterans benefits claims. We therefore see no need to address the district court's alternative ruling based on the discretionary function exception of the Federal Tort Claims Act ("FTCA"). See Jones v. United States, 727 F.3d 844, 849 & n.4 (8th Cir. 2013) (bypassing a district court ruling based on § 2680(a) where affirming based on its VJRA ruling was appropriate); 28 U.S.C. § 2680(a) (claims "based upon the exercise or performance or the failure to exercise or perform a

-3-

discretionary function or duty" are excepted from the FTCA's waiver of sovereign immunity).

3. For various reasons, the district court concluded that it lacked jurisdiction under the FTCA over Rosario's claims against the United States. 898 F. Supp. 2d at 424-27. In arguing for an affirmance, the government relies exclusively on one of the district court's rulings--that Rosario's filing of an SF-95 form the month before he filed this suit amended his prior SF-95s raising his claims, which had been pending for more than six months without final agency action, thereby postponing, for six more months, his time for filing suit under the "deemed denial" provision in § 2675(a). See 28 U.S.C. § 2675(a) (permitting claimants to file suit at their option at "any time" if six months have passed without final agency action on a claim); 28 C.F.R. § 14.2(c) (providing that the claimant's option under § 2675(a) "shall not accrue until six months after the filing of an amendment" to a claim). Rosario denies that § 14.2(c) restarts the statutory deemed denial period.

There is little case law discussing the jurisdictional import of § 14.2(c), and the government (like the district court) has not addressed the only reasoned decision that seems precisely on point. In Seals v. United States, 319 F. Supp. 2d 741, 744-45 (W.D. Texas 2004), the district court rejected the argument the government makes here. Like Rosario, the plaintiff in Seals had

filed suit after her initial claim had been pending for more than six months without final agency action, but the government moved to dismiss her suit as premature based on § 14.2(c) because the plaintiff had amended her claim less than six months before filing her suit.  The court declined to dismiss the suit, concluding that § 14.2(c) could not deprive the court of jurisdiction it otherwise had under the deemed denial provision in § 2675(a).  The district court relied primarily on Adams v. United States, 615 F.2d 284 (5th Cir.), clarified on denial of rehearing, 622 F.2d 197 (5th Cir. 1980), which concluded that a court's power to adjudicate an FTCA claim depends "solely" on compliance with § 2675(a)'s presentment requirement, which is satisfied if the claimant has given the agency written notice of the claim sufficient to enable it to investigate and has placed a value on the claim.  615 F.2d at 292.

In our cases dealing with the presentment requirement in § 2675(a), we have agreed generally with Adams' approach.  See López v. United States, 758 F.2d 806, 809-10 (1985); Santiago-Ramirez v. Sec'y of Dept. of Def., 984 F.2d 16, 19 (1st Cir. 1993).  We have said that we will approach FTCA cases "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims."  López, 758 F.2d at 809; accord Santiago-Ramirez, 984 F.2d at 19 (citing López).  Relative to § 2675(a)'s

presentment requirement, we have suggested that a "flexible approach" accords with "the original purpose behind the filing of an administrative claim: that of allowing the efficient investigation of a claim by the agency without sacrificing the entitlement of a claimant to his or her cause of action against the government." Santiago-Ramirez, 984 F.2d at 19. 8-20. We have also suggested that we expect the government to apply its FTCA settlement regulations in a manner consistent with Congress's purpose in providing for an administrative procedure. López, 758 F.2d at 809 (citation omitted).

Before filing this suit, Rosario had filed SF-95s relative to his father's medical care and treatment that had complied with § 2675(a)'s presentment requirement by giving the agency "due notice" of the "particular (potentially tortious) conduct" it should investigate and including "a specification of the damages sought." See Ramírez-Carlo v. United States, 496 F.3d 41, 47 (1st Cir. 2007) (describing when a claim is properly presented to an agency under § 2675(a)) (citation omitted). With the exception of "Claim 33," the SF-95 Rosario had filed the month before filing this suit, the agency had been considering his claims for more than six months without having finally disposed of them, entitling Rosario, under § 2675(a), to deem his claims denied at his "option," and to file suit "any time thereafter" (that is, until they were actually denied by the agency, Ellison v. United

<u>States</u>, 531 F.3d 359, 363 (6th Cir. 2008), which did not occur until after this suit was filed).

Claim 33 did not change the substance of Rosario's previously filed medical malpractice and wrongful death claims, but instead demanded what was, on its face, a fantastical sum in damages. There is no claim by the government that Rosario's filing of Claim 33 had any prejudicial impact on its ability to properly investigate his pending tort claims or to determine whether it should settle them (and no prejudice is apparent), such that giving the agency another six months in which to consider the claims would accord with § 2675(a)'s exhaustion requirement. On these facts and circumstances, we decline to apply § 14.2(c) to this case because doing so seems tantamount to erecting "a barrier of technicalities," <u>López</u>, <u>supra</u>, and "sacrificing the entitlement of a claimant to his or her cause of action against the government" without a corresponding showing that doing so would promote "the efficient investigation of a claim by the agency." <u>Santiago-Ramirez</u>, <u>supra</u>. <u>Cf.</u> <u>GAF Corp.</u> v. <u>United States</u>, 593 F. Supp. 703, 707 (D.D.C. 1984) (declining to apply § 14.2(c) where an amendment was unrelated to the initial claim and the government could not reasonably contend that the amendment had affected its investigation of the initial claim), <u>reversed on other grounds</u>, 818 F.2d 901, 920-21 (D.C. Cir. 1987).

We also find the district court's other reasons for dismissing the FTCA claims for lack of subject matter jurisdiction to be unpersuasive. As the government seems to concede on appeal, the court apparently misapplied or misconstrued the import of the law review article it relied on, which addressed different deemed denial situations (this suit was Rosario's first exercise of his deemed denial option). See 898 F. Supp. 2d at 421-25 (discussing Ugo Colello, *The Case for Borrowing a Limitations Period for Deemed-Denial Suits Brought Pursuant to the Federal Tort Claims Act*, 35 San Diego L. Rev. 391, 393-94, 407 (Spring 1998)). In Rosario's case, the six-month limitations period would not have started running until the agency issued and mailed by certified mail its final written denial of his pending claims, which occurred in February 2010, after he had filed this suit (in November 2009). See 28 U.S.C. § 2401(b). Case law not mentioned by the district court also indicates that the filing of this suit did not deprive the agency of its power to consider and finally determine Rosario's pending claims, although the agency apparently was required to consult in advance with the Department of Justice ("DOJ"). See Lehman v. United States, 154 F.3d 1010, 1014 (9th Cir. 1998) (rejecting a contention that the filing of a suit deprives the agency of power to act); 3 Lester S. Jayson & Hon. Robert C. Longstreth, Handling Federal Tort Claims, § 14.06[1], at 14-128 to -128.1 (2013) (distinguishing situations where claimants have

-8-

formally withdrawn their administrative claims in writing); 28 C.F.R. § 14.6(d)(2) (agencies must consult with the DOJ before settling or determining a claim based on an incident or transaction that is being litigated). Nor does it appear that there was any administrative appeals procedure that Rosario should have exhausted before filing suit in November 2009. Cf. 28 C.F.R. § 14.9(b) (once their claims have been finally denied, claimants "may" seek reconsideration under certain circumstances).

For the above reasons, we vacate the district court's judgment insofar as it dismissed Rosario's FTCA claims for lack of jurisdiction and remand to the district court for further proceedings.

4. We find Rosario's arguments based on the district court's denial of his motions for default judgments against the defendants and its alleged violation of one of its standing case management orders to be meritless.

5. Except as indicated above, we affirm the district court's findings on the remaining issues essentially for the reasons it gives and/or because Rosario fails to develop any claim of error on appeal.

6. We note that it is unclear whether the initial November 2009 complaint or the March 2010 amended complaint is the operative one. See, e.g., 898 F. Supp. 2d at 413 (treating the complaint as the operative pleading); id. at 431 (addressing

Rosario's "libel" claims, a term that appears only in the amended complaint).  This question should be clarified on remand.

The district court's judgment is affirmed in part and vacated in part, and the matter is remanded in part as indicated herein, with costs awarded only to appellees-defendants CMS and San Lucas.